ROBERT SIMPSON and others v. COMMISSIONERS OF MECK-LENBURG.

*Fence Law— Counties and Townships—Injunction— Taxes.*

Under the act of 1873, ch. 193, an election was held in township No. 6 of Mecklenburg county, which resulted in favor of a "fence law," and the county commissioners thereupon ordered that the township trustees make an estimate of the expenses of erecting a fence enclosing the township as provided by the act, and directed them to levy and collect a tax sufficient to defray the same, the amount assessed being submitted to and approved by the commissioners. Upon an application for an injunction to prevent the collection of the tax, *it was held;*

(1) That upon the commissioners ascertaining and declaring that at the election which was properly held a majority of the voters favored the provisions of the act, the same is conclusive and gives effect to the enactment.

(2) Irregularities in the details of the undertaking will not be allowed the effect to annul the tax-levy and defeat the entire work.

(3) The sanction of the commissioners to the tax levy of the trustees, made it their act.

(4) It was not error in the court below to dismiss the action.

APPLICATION by plaintiffs for an injunction heard at Fall Term, 1879, of MECKLENBURG Superior Court, before *Buxton, J.*

The purpose of the present action is to restrain the enforcement of a tax levied and in process of collection to meet the expenses incurred in constructing a fence around the territorial limits of township No. 6, usually known as

Clear Creek township, under the act of March 3d, 1873 (Acts 1872–'73, § 193). The operation of the act is confined to Mecklenburg and four other counties and was to take effect in each when its provisions were adopted by a popular vote taken therein. In case of an adverse vote in the county it is enacted in section seven that then "upon the written application of twenty-five farmers in any one township in such county, the commissioners of said county shall order an election to be held in said township, according to the provisions in this act at any time after giving public notice at three or more public places in said township for thirty days, and if the commissioners of the county, the returns having been made to and examined by them, shall declare that a majority of the legal voters of said township have voted for the acceptance of the provisions of this act, then the provisions of this act shall have full force and effect in such township, but not until the citizens thereof shall have erected a good and substantial fence around its territory, with gates on all the public roads where they enter into or pass out of its borders."

Under the directions of this section an election was ordered and held in the said township on December 10th, 1874, and the result reported to the county commissioners, from which it appears that sixty-eight votes for, and sixty-six votes against, accepting the provisions of the act were cast at the election.

Upon this report the commissioners at their meeting on January 4th, 1875, made the following order: "It appearing to the board that a majority of the voters of Clear Creek township No. 6 have voted in favor of the proposed fence law aforesaid, it is ordered by the board that the trustees of said township proceed to make an estimate of the expense of enclosing said township and report their proceedings to this board, and that they proceed to enclose said township as directed by said act of the general assembly aforesaid."

The subsequent action of the commissioners, as shown by the record of their proceedings, may be thus summarily stated :

At the session held on May 17th, 1875, the township trustees were directed to levy upon the real and personal property within the township a tax sufficient to defray the expense of erecting the fence and make report thereof.

At the session on October 4th, 1875, the township trustees were required to proceed to collect the tax so levied.

Upon complaint of the insufficiency of the fence, a committee appointed by the commissioners examined the fence and finding it defective, the commissioners ordered that it be made by the trustees, "strictly as the law directs."

At the session on February 28th, 1876, the commissioners passed an order authorizing the trustees to levy a tax on the property and polls of said township to defray the expense of enclosing the township, to be submitted for their approval.

At the session on March 6th, 1876, a tax of $2 on the poll and $1.20 on property of the assessed value of ·$100, in the aggregate not to exceed $1500 nor be less than $1400, the estimated cost of the work, was submitted to and approved by the commissioners.

The grounds upon which is based the application for an injunction against any further proceedings for the collection of the unpaid taxes, necessary to meet the costs incurred in putting up the enclosing fence, are :

1. The registry of voters shows that a majority of those entitled to vote did not cast their votes at the election for the acceptance of the act.

2. A portion of the township territory is left outside of the enclosing fence.

3. Territory beyond the township and county limits is included within the surrounding fence.

4. The taxes were not levied in accordance with the re-

quirements of law, in that, the discretion reposed in the commissioners was exercised not by them but by the township trustees.

The answers of the defendants to the general averments of the fact upon which the plaintiffs' imputations are dependent are to this effect:

1. The report of the election made by those who conducted it, showed that a majority had voted for the adoption of the act and it was so adjudged by the commissioners. No one appeared to contest the legality or result of the election, nor was any complaint heard from any source until after the fence had been built and the tax imposed for payment. The registry of voters was made out about 1870, and successive names have been since added thereto, without purgation of names of such as have since died or removed, and it does not contain an accurate list of those now entitled to vote, and hence cannot be relied on to show that a majority vote was not cast at the election favorable to the proposition then submitted.

2. Two residents are left outside the fence at their own request and for the reason that the township line severed their farms which lay on either side, and the fence, if pursuing it, would have been of great inconvenience and of little or no benefit to the respective owners.

3. The fence extends beyond the boundary line and takes in a small strip of land lying in Union county, belonging to three residents therein. This was at the special request of these parties, and for the same reasons that prompted the exclusion of the others, and upon conditions, expressed in a contract that they pay their *pro rata* part of the expenses, and that this deviation saves to the township about one hundred dollars which would have been necessarily incurred in following the exact township boundary.

4. The commissioners in the exercise of their own judgment levied the tax, aided by the trustees in their advice as

to the mode of levy and in their estimate of the cost of the undertaking.

It was ordered by the court at fall term, 1879, that the cause be dismissed at plaintiffs' costs, from which ruling they appealed.

*Messrs. Shipp & Bailey,* for plaintiffs.
*Messrs. Wilson & Son,* for defendants.

SMITH, C. J., after stating the above. There was no evidence before the court in dismissing the action, so far as the record discloses, except what is furnished in the sworn complaint and answers. The judgment of the court must therefore have been rendered upon the allegations made by the plaintiffs, with the admissions and explanations of the defendants; and no special error is assigned in the rulings of His Honor from which the appeal is taken.

1. We think, under the statute which requires the commissioners after examination of the returns, to ascertain and declare the result, their decision upon the returns of an election regularly and properly held is final and conclusive of the question. When they declare that a majority have thus voted, then and not upon a further inquiry into the vote, " *the provisions of this act shall be in full force and effect.*" Upon the fair and honest exercise of their judgment in determining the vote, the validity of the enactment is suspended, and its operation is not left to the uncertainties of a future enquiry. As the law is left contingent upon the acceptance or rejection of the voters, it is important that the event upon which it depends should be conclusively determined in some way, and the act commits this determination to the commissioners by whom the returns are to be examined and the result announced.

2 and 3. The deviations of the fence from the precise boundaries of the township with the explanations in refer-

ence thereto cannot be allowed to have the effect of rendering the proceedings under the act illegal and annulling the tax levy by which the means are to be raised to meet the costs of the undertaking. If irregularities, they can be be easily corrected, without defeating the entire work.

4. The taxes are levied by the proper legal agency, in the co-operation of the township trustees with the commissioners. The former made their estimate of the taxes required and of the levy sufficient to meet the costs of the work, and the sanction of the commissioners made it virtually and truly their act. The township trustees " under the supervision of the county commissioners, have control of the taxes and finances, roads and bridges of the township as may be prescribed by law." Const., Art. VII., § 5. If the act of February 12th, 1875, is effectual in transferring the power to levy taxes for township purposes from the trustees to the commissioners, its requirements have not been disregarded in the manner in which the present tax has been imposed.

We do not deem it necessary to pursue the enquiry further, since in our opinion no injunction could properly issue upon any of the grounds set out in the complaint to arrest the proceedings under the law, and thus withhold payment to those whose labor and money have been expended in this public work for the common benefit of all having lands to cultivate and be protected within the township.

It must be declared there is no error and the judgment is affirmed.

No error. Affirmed.