J. W. SMALLWOOD and others v. CITY OF NEWBERN.

*Graded School Law—Election and Decision of Canvassers—*
*Taxation—Injunction—Act of Assembly.*

1. An election was held in the city of Newbern under the rules and regulations governing the city elections, in pursuance of the act of 1883, ch. 117 (to establish graded schools in Newbern), and the proposition submitted to the qualified voters whether a tax should be levied to establish

the graded schools; *Held,* that the declaration of the result of the same by the mayor and city council, under the authority conferred by the act, that a majority of the qualified voters approved the proposition, is conclusive until reversed by a direct proceeding.

2. The injunction to restrain the collection of the tax complained of in this case was properly refused.

3. The validity of an act of assembly will not be determined upon a mere suggestion in an affidavit in injunction proceedings that the same is not valid, but only where the question is raised by proper pleadings and for the purpose of testing its constitutionality.

(*Cain* v. *Commissioners* and cases cited, 86 N. C., 8, cited and approved).

MOTION for injunction heard at Fall Term, 1883, of CRAVEN Superior Court before *Shepherd, J.*

The complaint states, in substance, that the defendant is a municipal corporation, the powers of which being vested in a mayor and city council, as provided by the private acts of 1879, ch. 42, amended by the act of 1883, ch. 117, entitled "An act to establish graded schools in Newbern"; that the plaintiffs are citizens and tax payers of the defendant city, and a tax of twenty cents has been assessed upon every one hundred worth of their property to establish graded schools in the city, which the defendant threatens to collect; that defendant's powers of taxation are restricted by its charter, and that assessed, as aforesaid, is in excess of its powers of taxation; that said tax was not authorized by a vote of a majority of the qualified voters in the city, and the same is wrongfully assessed and cannot be legally collected. Wherefore, the plaintiffs ask for an injunction restraining its collection, &c.

The defendant, admitting some of the plaintiffs' allegations and denying others, relies mainly upon the said act of 1883, and states that an election was held on the 7th of May, 1883, to determine whether the said assessment should be made in aid of the said schools, and that according to the returns of the same, the result was declared according to law that a majority of the qualified voters of the city voted "for schools," and in favor of the assessment of said tax. Wherefore, the defendant asks that the action be dismissed.

In affidavits of plaintiffs, it is denied that a majority of the qualified voters, registered at and for said election, voted in favor of the tax; and that the same was never so declared as a fact by the authorities of the city; and it was also stated that there were many irregularities at said election—one affiant presenting himself at the polls and being refused the privilege of voting, and the poll-holders saying that the registration books had not been revised, &c.

The cause coming on to be heard on the pleadings and affidavits of both parties, it was adjudged that the motion for injunction be refused. From this judgment the plaintiffs appealed.

*Mr. W. W. Clark*, for plaintiffs.
*Messrs. H. R. Bryan* and *Nixon, Simmons & Manly*, for defendant.

MERRIMON, J. In view of the verified complaint, answer, affidavits and the case settled upon appeal for this court, we think the court below properly refused to grant the injunction prayed for.

The principal ground of the application for an injunction restraining the defendant from collecting the taxes mentioned in the complaint is, that the result of the vote required to be taken by the statute (Acts 1883, ch. 117, §1) was not fairly and truly ascertained and declared by the proper authorities, and that, in fact, a majority of the qualified voters of the city of Newbern did not vote " for schools."

We have carefully examined and considered the statute cited, the verified pleadings and the affidavits both for the plaintiffs and for the defendant, and are satisfied that the vote was taken substantially as the statute directs, and that the mayor and council of the city of Newbern ascertained and declared the result of the same, and entered a declaration of such result upon the minutes or records of their proceedings, wherein they declared that a majority of the qualified voters voted " for schools," and

that the result of the election was in favor of the assessment of taxes for the purpose of supporting graded schools as allowed by the statute.

It is admitted by the plaintiff that the mayor and council *held* an election as directed by the statute, but he insists that they had no authority to ascertain and declare the result; and, further, that if they had such authority, they did not ascertain the result fairly and truly. He does not point out in the complaint, nor does he suggest in his affidavit, how and by whom the result of the vote should have been ascertained; but we infer he means to insist that the inspectors of the regular city election, required to be appointed under THE CODE, §§3788, 3789, ought to have ascertained, declared and certified the result. This is the strongest view of the matter for the plaintiff, and accepting it as his, we do not think it correct.

The mayor and council are charged specially with the duty of *submitting* the proposition mentioned in the act to the qualified voters. The statute provides that, " The mayor and council of the city of Newbern are authorized and r*equired to submit* to the qualified voters of said city at the next regular election of councilmen, and under the rules and regulations governing said election, whether an annual assessment shall be levied therein for the support of one or more graded schools in said city."

Now, why are the mayor and council charged to *submit* the propositions? Why was it not provided that the vote should be taken by the ordinary election officers, and deposited in a ballot box set apart by them for the purpose? Why were the inspectors not required to ascertain the result and certify the same to the mayor and council? The legislature might have easily so provided. As it did not, it would seem it did not so intend. It seems to us there was a different purpose in the provision made. It was fit and appropriate to charge the mayor and council with the special duty of submitting this proposition, out of the ordinary course of election. They had to act upon the

result, if a majority of the votes should be cast in the affirmative. They were disinterested—had no personal interest to subserve, not common to every other citizen. They might well and reasonably be charged with a service germane to their official relations to the city. They were required to *submit* the proposition. How, and to what extent? When was the submission to be complete? And how was it to be completed? Certainly not until the vote should be completely taken by them, " under the rules and regulations governing said (the ordinary city) election." This latter clause cannot be construed to mean literally " under the rules and regulations governing " the city election. It means, and must mean, in the nature of the matter, only that such rules and regulations as apply, and as far as they needfully apply, in taking the vote. The mayor and council were to *submit* the proposition—that is, superintend, direct, supervise the vote upon it from the beginning to the end of taking and ascertaining the result of it, employing the ordinary machinery of the regular election as far as the same might be applicable.

The proper authorities having ascertained that a majority of the qualified voters voted " for schools," their finding and decision in that respect, for the purposes of this action, is final and conclusive. Their decision cannot be assailed collaterally. If it could be done in this case, it could be done in another, and in every case, and indefinitely. It would lead to gross absurdity and endless confusion.

The legislature confided to the mayor and council the important duty of submitting the proposition mentioned to the voters of the city of Newbern, and when they discharged that duty, their action in that respect was conclusive upon everybody as to the result of the vote, so long as it shall stand unreversed by a proper judgment or decree in an action brought for the purpose. *Simpson* v. *Commissioners,* 84 N. C., 158 ; *Norment* v. *Charlotte,* 85 N. C., 387 ; *Cain* v. *Commissioners,* 86 N. C., 8 ; *Black* v. *Commissioners,* 99 U. S. Rep., 686.

If the plaintiff was dissatisfied with the action of the defendant in ascertaining the result of the vote in the respect mentioned, he ought, at the proper time, to have brought his action to question the truth and justice of their decision of the matter, and had the same reversed, declared irregular and void, or properly modified. There was a remedy, but that remedy cannot be had in an action like this.

No question is made in the complaint as to the validity of the statute we have just construed. It is hinted in the plaintiffs' affidavit that the act is not valid, but so grave a question ought to be raised by proper pleadings, and generally with the avowed purpose. And such a question ought always to be argued by counsel. It is a matter of the most serious moment to declare an act of the legislature unconstitutional and void. This court cannot assume that the act is invalid, or go beyond the case presented by the record to express any opinion in regard thereto.

There is no error, and the judgment must be affirmed.

No error.                                       Affirmed.