### THE STATE v. A. V. EMERY.

*Elections—Evidence—Prohibition—Local Election—Liquor Selling—Indictment.*

Where it appeared that an election had been held under the Local Option act, (*The Code,* Vol. II, Ch. 82,) and the returns had been canvassed by a board composed of one person from each of the voting precints, appointed by the poll-holders and registrar, and the result certified to the Board of Commissioners of the county, who proclaimed the same ; *Held,*　　　　●

1. That this procedure was in conformity with the statute.

2. That properly authenticated copies of the proceedings of the Canvassers and Commissioners were competent evidence of the action of the respective boards.

3. That the result thus ascertained and declared was conclusive until reversed by some superior tribunal, and could not be assailed collaterally ; nor could the election be assailed collaterally because of alleged irregularity in complying with the requirements of the statute in ordering the election.

4. It is not necessary, in an indictment for selling liquor within prohibited territory, to negative the allegation that it was sold upon the prescription of a physician. This fact, if it exists, is a matter of defence, and the burden of showing it is on the defendant.

(*State* v. *George,* 93 N. C., 567; *Simpson* v. *Com'rs,* 84 N. C., 158; *Norment* v. *Charlotte,* 85 N. C., 387; *Cain* v. *Com'rs,* 86 N. C., 8, and *Smallwood* v. *Newbern,* 90 N. C., 36, cited).

This is a CRIMINAL ACTION, which was tried before *Shepherd, Judge,* at March Term, 1887, of WAKE Superior Court.

The indictment contains three counts, the first two of which charge a violation of the Local Option law in Raleigh township, adopted at an election held on the 7th of June, 1887, (1886) and the third, for retailing without license.

The third count was abandoned.

Clara Haywood, a witness for the State, testified: "I bought liquor of the defendant, at his store in Raleigh, during last December. I bought three times during the month. I got ten cents' worth each time. I did not get as much as a quart."

The State then introduced the record of the meeting of the Board of County Commissioners, at which the votes of the election on prohibition was canvassed, a copy of which, marked "A," is sent up with the record; and also the return of the judges of election, a copy of which, marked "B," is filed with the record; also the original returns of the election; but these were not read.

It was admitted that these were genuine, and that the subscribers were the judges of the election, appointed therein.

The whole of the documentary evidence was objected to because the election was not held according to law, and that neither the judg s of the election or the County Commissioners had authority to canvass or to declare the result; also, because the indictment failed to charge that there had been any declaration as to the result of said election.

The Court admitted the evidence, and the defendant excepted.

The record of the proceedings of the Board of County Commissioners, sent up as part of the case, recites that, "in conformity to an order made at the meeting of the Board of County Commissioners on the 5th day of March, 1886, the Board began the canvassing of the votes cast at the election held on the 7th instant on the question of the sale of spirituous liquors in the towns and townships in the county in which elections had been ordered by the Board." Then fol-

lows at length, and in full, the action of the Board upon the various questions and objections raised before it, followed by an abstract of the returns of the judges of elections from the several wards and precincts of the City of Raleigh and Raleigh township, made to the Board of County Commissioners, giving the number of votes cast in each ward and precinct for "Prohibition" and for "License," making the total number of votes cast for Prohibition at said election in Raleigh township 1260 votes, and the total number of votes cast for License 1202 votes, there being a majority of 58 votes at said election for Prohibition.

These returns were certified to the Board of County Commissioners of Wake, under the hands and seals of the Canvassing Board, composed of one member selected by the registrar and poll-holders from each of the respective wards and voting precincts of Raleigh and Raleigh township, and the result was proclaimed at the court-house door.

There was evidence tending to show that there had been no election reversing the result of the said election.

The defendant asked the Court to give the following instructions: "That there is a total absence of proof of the condition precedent to the election, to-wit, the petition of one-fourth of the qualified voters of said township, made to the Commissioners, asking that said election be held. and that the Commissioners examined and found that the requisite number of qualified voters had signed said petition, and that the election was ordered in consequence of said petition and said examination, and therefore the defendant should be acquitted. Also, he insisted that the State ought to show that the liquor was not sold upon the prescription of a physician and for medical purposes."

The Court declined to give the instructions, and the defendant excepted.

The Court, after explaining to the jury the allegations in the bill in reference to the election, charged that the origi-

nal returns not having been read in evidence, it did not appear that they conflicted with the statements contained in the exhibits A. and B., and that upon these proceedings they would be warranted in finding that the question of Prohibition had been submitted to the qualified voters of Raleigh township, and that a majority had voted for Prohibition, and the result, as declared, alleged in the first and second counts; that if they were fully satisfied of this, and that the defendant sold liquors, as stated by Clara Haywood, they would convict the defendant upon either of the said counts—provided no election had been held reversing the result of said alleged election."

There was a verdict of guilty, and the defendant moved in arrest of judgment, for that the said counts did not charge an indictable offence. Motion overruled, and the defendant appealed.

*The Attorney General*, for the State.
*Mr. J. C. L. Harris*, for the defendant.

DAVIS, J., (after stating the case). Section 3114 of *The Code* makes it the duty of the Board of County Commissioners to order elections upon "the petition of one-fourth of the qualified voters, &c."

Section 3115 provides that such elections "shall be held, and returns made, under the same rules and regulations as prescribed for holding elections for members of the General Assembly, so far as the same may be applicable, except as herein modified."

The evidence shows that the election was ordered by the Board of County Commissioners; that it was held, and the returns made and canvassed, and the result, as ascertained, proclaimed at the court-house door, in accordance, as near as applicable, with the rules and regulations prescribed for

the holding of elections for members of the General Assembly.

"For all legal purposes, the result of the election is what it is declared to be by the authorized Board of Canvassers, empowered to make the canvass at the time when the returns should be made, until the decision has been reversed by a superior power." *Norment* v. *Charlotte*, 85 N. C., 357.

The copies of the proceedings of the County Commissioners and Board of Canvassers, admitted to be genuine, were properly received as evidence. The result of the election, as decided and proclaimed, is conclusive in any collateral proceedings. It is to be taken, *prima facie*, that every necessary requisite has been complied with. All facts necessary to the validity of the election must be ascertained and determined, and, when proclaimed, must be final and conclusive, unless impeached or attacked in some direct proceeding. The objection, therefore, to the validity of the election, for the want of proof of the conditions precedent, &c., cannot be sustained, and there was no error in the refusal of the Court to charge as requested. *Simpson* v. *Commissioners*, 84 N. C., 158; *Norment* v. *Charlotte*, 85 N. C., 387; *Cain* v. *Commissioners*, 86 N. C., 8; *Smallwood* v. *Newbern*, 90 N. C., 36.

Neither was there any error in refusing to charge the jury that the State ought to show that the liquor was not sold upon the prescription of a physician, and for medical purposes. It was purely a matter of defence, if such ground of defence existed, entirely within the knowledge of the defendant, and must come from him. It was not alleged in the indictment, nor was it necessary for the State to allege or prove it. *State* v. *George*, 93 N. C., 567. This is too clear to need citation of authorities.

By virtue of the election referred to, it became unlawful to sell spirituous liquor in Raleigh township, and the offence charged is that the defendant "wilfully and unlawfully did

sell one gill of spirituous liquor" to the witness Haywood, in Raleigh township, and the motion in arrest of judgment was properly refused.

There is no error.