Ruffin, Chief Justice.
We think that neither exception can be sustained, but that the judgment must be affirmed.
The case of Taylor v. Shufford, 4 Hawks 116, sanctions the principle of the common law, that the sovereign cannot be estopped, as a rule of justice and policy, equally applicable to our institutions as to those of the mother country. The State was therefore at liberty to aver, that at the time the patent to the lessor of the plaintiff emanated, the land had been granted to Blount; and so may consequently the defendant. He cannot be bound to surrender to the plaintiff a possession, which the defendant’s grantor might have withheld from him.
Upon the other question, Fitzrandolph v. Norman, N. *409 C. T. R. 131, is the leading case, and decisive. Indeed it goes further than is necessary for the purposes of this case. Here it is impliedly admitted that the defendant came in under Bailey, and he under Warren; and the objection is, that the connection between them is not shewn by deed. An answer to the objection in that form is, that from long possession, a presumption arises of every thing necessary to consti•tute a title in the possessor; and therefore if such mesne conveyances were necessary to authorize the presumptionlbat a grant ha cl issued to the defendant, or to someone under whom he claims, then such intermediate instruments would be presumed as well as the grant from the State. But the case cited rules that the presumption of a grant arises, although the occupation had been by different persons, and no privity could, by any means, be traced between the successive tenants: much less is it requisite to establish such privity by deed. It does not appear that the possession, in this case, of thirty-five 'years, was not taken and held upon the same title or claim of title throughout; which we think affords a legal inference of a good title, as the foundation of such long possession.
Per. Curiam. Judgment affirmed-