NATHANIEL MELCHER *vs.* CITY OF BOSTON.

A clerk in a post office, who is appointed by the deputy postmaster, and his appoint-
ment approved by the postmaster general, is taxable for the income derived from his
employment as such clerk.

ASSUMPSIT to recover back the amount of taxes on the in-
come of the plaintiff, assessed upon him by the assessors of the
city of Boston, and paid by him to the city collector. Trial
in the court of common pleas, before *Warren,* J. who reported
the case as follows :

" lt was agreed that, during the six years next before the
commencement of the action, the plaintiff was a citizen of
Boston, and was, in each year, taxed for his ' income ; ' that
the amount of such tax was, in each year, paid under protest ;
that during all the time aforesaid, he was a clerk in the pos'
office in Boston ; that he had no property liable to taxation
that he had no income besides that derived from his employ-
ment as such clerk ; and that his salary, as such clerk, was
the only subject of taxation in the said years.

"It was further agreed that, in practice, the clerks in said
post office were appointed by the postmaster at Boston,
subject to the approval of the postmaster general, who, by
usage, exercises the power to remove any such clerk, at his
pleasure ; that the plaintiff was thus appointed by the post-
master at Boston, and that his appointment was approved by
the postmaster general ; that an annual appropriation was
made by congress, during the years aforesaid, for the pay of
the clerks in the several post offices throughout the country ;
that, of the amount thus appropriated, the postmaster general
set apart a certain sum to defray the expenses of clerk hire in
the Boston post office ; that this sum was apportioned, by the
postmaster at Boston, among the various clerks in his office ;
and that the portion thus assigned to the plaintiff constituted
the income for which he was taxed as aforesaid.

" The postmaster at Boston testified, that after the appor-
tionment of the salaries was made, by him, among the clerks

in his office, the statement of such apportionment was forwarded by him to the postmaster general, for his approval, before the salaries were paid over.

"Upon these facts, the court instructed the jury that the plaintiff was entitled to a verdict, which was returned for him accordingly. To this instruction the defendants alleged exceptions."

*J. Pickering*, (City Solicitor,) for the defendants. By the Rev. Sts. *c.* 7, § 4, "income from any profession, trade or employment," is included in the personal estate which is made subject to taxation; and there is no exemption, in § 5, of income derived from an office held under the government of the United States. But if there were such an exemption, it would not assist the plaintiff; for he is not an officer of the United States. A postmaster is such officer, but not his clerks. The United States *St.* 1825, *c.* 275, § 11, requires every postmaster to have "one or more persons" to attend, at his office; and § 42 forbids any "clerk employed in any post office" to be a contractor, &c. for carrying the mail. But there is nothing in this statute which prescribes the mode or source of the appointment of clerks, except in the postmaster general's office. A certain sum, as the case finds, is allowed by the postmaster general for clerk hire; but the deputy postmaster (in Boston, if not elsewhere,) fixes the clerks' salaries.

*Putnam*, for the plaintiff. The State cannot tax the income derived from an office held under the laws of the United States. *Dobbins* v. *Commissioners of Erie County*, 16 Pet. 435, reversing the judgment of the supreme court of Pennsylvania in 7 Watts, 513. *M'Culloch* v. *State of Maryland*, 4 Wheat. 316. *Weston* v. *City Council of Charleston*, 2 Pet. 449.

The clerks in post offices are officers of the United States. "An office," says Marshall, C. J. "is a public charge or employment, and he who performs the duty of the office is an officer. If employed on the part of the United States, he is an officer of the United States." 2 Brock. 102. Clerks in post offices are the "inferior officers," whose appoint-

ment may, by the constitution of the United States, art. II. § 3, be vested by congress "in the heads of departments." See *Ex parte Hennen*, 13 Pet. 260. The facts in the case at bar show how the plaintiff was appointed to his office. By the United States *St.* 1836, *c.* 270, §§ 2, 22, the postmaster general is required to submit to congress yearly specific estimates of the sums expected to be required for the service of the department, including, among other things, "clerks for offices," and to make report, yearly, of all these expenses. And, by § 9, he is to control "the expenses of post offices, and all other expenses incident to the service of the department." By the United States *St.* of March 3d 1843, *c.* 100, $210,000 were appropriated for clerks for the offices of postmasters. If their salaries are taxable, they will be diminished by taxation, contrary to the law as laid down in 16 Pet. 435.

*Pickering*, in reply. In the case cited from 16 Pet. 435, the plaintiff was captain of a revenue cutter of the United States; and it was admitted, in the statement of facts, that he was an officer of the United States. In the case at bar, this is neither admitted nor shown. Besides; Dobbins was "rated and assessed for his *office.*"

The cases cited from 4 Wheat. and 2 Pet. merely decided that States have no authority to tax any of the constitutional means employed by the government of the United States to execute its constitutional powers; as the Bank of the United States, and stock issued for loans made to the United States. It was admitted that the owners of stock in the bank were taxable therefor, as for any other property. On the same principle, the income from an office conferred by authority of the United States would seem to be the subject of lawful taxation.

DEWEY, J. The plaintiff relies upon the case of *Dobbins* v. *Commissioners of Erie County*, 16 Pet. 435, as an authoritative decision governing the present case. Giving to that decision all the force and effect of a judgment of the highest tribunal, upon the question there raised, yet there arise, in the case at bar, two important questions for our considera-

tion.  1st.  Was the plaintiff an officer of the United States, in any such sense as would entitle him to the immunities from taxation which were adjudged to attach to Dobbins as a captain of the United States revenue cutter?  2d.  May not a tax upon "income" be assessed upon all citizens of Massachusetts residing therein, as well where such income is derived from the national government, by way of compensation for services rendered to it, as from any other source?

As to the first point, we have looked in vain for any statute provision creating any such corps of United States officers as clerks in the post office.  The practice has existed, it seems, of making such appointment of clerks on the recommendation of the local deputy postmaster to the postmaster general, and approval by him.  The authority to employ these agents, and others of all the various grades, connected with the carrying and opening of the mails and conducting the concerns of the post office generally, is undoubtedly properly exercised by the post office department.  But the *St.* of 1825, *c.* 275, which is understood to be particularly relied upon as the act regulating the post office department, does not, in terms, create any such office, or give any such character to these agents, as entitles them to be denominated public officers of the national government.  It authorizes the employment of persons to assist in the various duties of taking care and custody, and the conveying of the mail, and prescribes the form of an oath to be taken by all such; and money has, from time to time, been appropriated to pay the contingent expenses of the post office, which money has been in part applied to the payment of the clerks in the various post offices.

We do not perceive any thing in the statute regulating the post office department, or in the duties discharged by the plaintiff, as a clerk under the deputy postmaster, which should require us to recognize the service of the plaintiff as that of one holding a public office; certainly not an office of that character which entitles him to an exemption from the common burdens of taxation based upon actual income.

The case in 16 Pet. 435, already referred to, was essentially different. Dobbins was a captain of the United States revenue cutter. He was an officer of the United States, appointed by the president, under the provisions of a statute creating the office. It was a clear case of one holding an office under the United States government. The statute of Pennsylvania, under which the question arose, authorized the assessment of a tax "upon all offices and posts of profit." The tax was upon the office. The taxing power assumed to deal with him as one holding an office. In the case at bar, no such recognition of the party as a public officer exists; and no tax was assessed upon the office.

It is not every employment in the United States service that constitutes the person thus employed an officer. Thus it has been held that a contractor for carrying the mail is not an officer of the United States government. *Whitehouse* v. *Langdon*, 10 N. Hamp. 331.

As it seems to us, the plaintiff has failed to bring himself within the case of *Dobbins* v. *Commissioners of Erie County* ; not being an officer of the United States in any such sense as will exempt him from taxation in common, and in the like manner, with all other citizens and residents of Massachusetts. He is therefore liable to taxation "for income," and that as well for income derived from compensation for services rendered to the national government, as from any other source.

2. This view of the case renders it unnecessary to express any opinion upon the second question, viz. whether a tax "upon income" may not well be assessed upon one holding a public office under the general government, and where "the income," which is the subject of taxation, is the compensation received as allowance for services rendered in such public office. This question we do not propose to examine particularly, much less to decide ; but we deem it proper to say that such form of taxation may present a different question, and authorize a different decision, from that in *Dobbins's case*, 16 Pet. 435. The tax upon income is not a tax upon the office, directly. It would seem to be only carrying out the great prin-

7 *

cip'e of assessing taxes proportionally and equally, according to the ability of the persons taxed. Its form is unobjectionable, pointed at no particular class, whether office-holders or otherwise, but embracing, as proper subjects of taxation, all who place themselves under the protection of our local government, and participate, in common with others, in the free enjoyment of our schools, our humane institutions, the protection of our laws and the benefits resulting from their due administration, our public ways, and all those beneficent objects for which these taxes are assessed. We are not disposed to assume, in advance, that the supreme court of the United States will decide that a tax " upon income " will be illegal, if assessed upon a resident of Massachusetts, deriving his income from the compensation allowed him for services as an officer of the United States. But, without expressing any further opinion on that point, we are all clearly of opinion that the plaintiff was, for the other reason already stated, subject to taxation for his " income," and that this tax was therefore properly demandable of him.