WILLIAM N. H. SMITH, Ex'r, *v.* J. M. S. ROGERS, Adm'r.

The 14th section of the Act of 10th March, 1866, ch. 17, entitled an "Act to change the jurisdiction of the Courts and rules of pleading therein," which repealed the Act of 11th September, 1861, and 14th December, 1863, which had suspended the statutes of limitations, did not repeal the Act of 21st February, 1866, ch. 50, which had suspended the operation of these statutes until the 1st of January, 1867, so that there was no statute of limitation in operation during the year 1866.

The case of *Jahnson* v. *Winslow*, 63 N. C. Rep. 552, cited and approved.

This was an action of debt by the plaintiff as executor against the defendant, J. M. S. Rogers, as administrator of G. R. Reese, submitted to his Honor, *Judge Pool,* at the Fall Term, 1870, of HERTFORD Superior Court, upon the following case, agreed :

" The intestate, George R. Reese, died in Northampton County, on or abount the 18th of June, 1854. The defendant, Rogers, sued out letters of administration on the 4th of September, 1854, and immediately thereafter advertised according to law for creditors to present their claims. Said Rogers had no notice of the execution of the bond sued on until this action was brought, which was on the 8th day of December, 1866. Said Rogers filed his final account according to law and settled with the legatees of his intestate, and paid over to them more than $5,000. He took no refunding bond from said legatees, because some of them were infants. If upon this statement of facts the Court shall be of opinion for the plaintiff, judgment is to be rendered in his favor for $171 63, &c., otherwise judgment is to be entered for the defendant." His Honor gave judgment for the plaintiff, and the defendant appealed.

*R. B. Peebles,* for the defendant.
*Smith,* for the plaintiff.

Reade, J.   The bar of the statute of Limitations, seven years, was not complete up to 11th of May, 1861, lacking about one month.   And there were a series of statutes in force from that time up to January, 1870, suspending the statute of Limitations.   If this were so then the statute does not bar in this case.   *Johnson* v. *Winslow*, 63 N. C. R. 552.   It was, however, supposed by the defendant's counsel, that the Act of the 10th of March, 1866, repealed the former statutes, and that the statute began to run and continued for three months up to the ordinance of 23rd of June, 1866, and that time completed the bar.   But the counsel overlooked the Act of 21st of February, 1866, which suspended the statute up to January, 1867, so that the gap from March to June, never existed, as the Act of March did not repeal the Act of February.

It is not necessary that we should decide whether an Act suspending the statute of Limitations, retrospectively, is valid.

There is no error.

Per Curiam.                          Judgment affirmed.