STATE upon the relation of WILLIAM TAYLOR *v.* DANIEL GAL-
BRAITH *et al.*

Where a person gave bond as Constable in February, 1856, and also in
February, 1857, and received claims for collection in April, June and
July, 1856 : *Held*, if the claims were collected in 1856, that suit should
have been brought upon said bond, and that it was incumbent upon the
relator of the plaintiff to prove that the claims *were not collected in* 1856,
and were in the Constable's hands after the date of the bond sued on.
The statute of limitation on a Constable's bond is suspended from 20th
May, 1861, to January 1st, 1870. *Smith* v. *Rogers*, 65 N. C. 181 ; *Plott*
v. *W. N. C. R. R.*, 65 N. C. 74 ; *State* v. *Lackey*, 3 Ire. 25 ; *State* v.
*Johnson*, 7 Ire. 77, cited and approved.

Action of DEBT on the official bond of Daniel Galbraith,
Constable, tried before *Buxton, J.*, at Spring Term, 1871, of
CUMBERLAND Superior Court.

The relator of the plaintiff declared on a bond dated Feb.
23rd, 1857, and assigned as breaches : failing to collect ; collec-
ting and failing to pay over; and not returning the claims,
being sundry notes, and other written evidences of indebted-
ness on different persons, described in four different receipts,
given by the defendant, Galbraith, to the relator of the plaintiff ;
Said receipts are dated respectively in February, April, June
and July, 1856, all in the usual form " to collect or return."
Pleas : General issue, Stat. Lim., and Payment.

The bond sued on, was read in evidence without objection.
The relator of plaintiff proved that the defendant, Galbraith, had
acted as Constable for two years successively, to wit : for 1856,
and 1857 ; that the claims described in the receipts were placed
in his hands at the date mentioned therein, and had never
been returned to relator of plaintiff. There was evidence of
the solvency of some of the claims in the years 1856 and 1857.

The defendants insisted :

(1.) That the proof, by the receipts, that the claims were in

the hands of the Constable in 1856, did not establish the fact that the claims were in his hands in 1857, being the time of the alleged breach; and that a breach of the bond of 1856, was no breach of the bond of 1857;

(2.) That the statute of limitations protected the bond from recovery.

The defendants introduced the records of a suit instituted by the relator of the plaintiff against the defendants, in which judgment was rendered on the present bond sued on, for $134-70 damages, assessed at Fall Term, 1858, and an execution thereon had been returned to Spring Term, 1859, marked "paid and satisfied." The evidence was that this judgment was obtained upon claims due relator of plaintiff, other than the claims sued on in this case.

The defendants insisted that the recovery in the former suit was a bar to the present action.

His Honor instructed the jury that the relator of the plaintiff was entitled to recover the amount of all the claims embraced in the four receipts, which they were satisfied from the evidence, were good and collectable during the year 1857. Defendants excepted. Verdict and judgment for plaintiff. Rule, &c. Appeal.

*B. & T. C. Fuller,* for relator of the plaintiff, cited, *State v. Johnson,* 7 Ire. 77. *State* v. *Wall,* 8 Ire. 11, *Ib.* 9 Ire. 20.

*Leitch,* for defendants.

READE, J. The record does not show the plea of conditions performed, no breach, on the part of the defendant; and the case does not show a demand before suit on the part of the plaintiff, but it was agreed at the bar that the case should be considered as if the plea were in, and as if demand had been made.

The bond sued on was dated 23d February, 1857, and the

suit was not commenced until 1867, after a lapse of more than six years, and therefore the action would have been barred, but for a series of statutes which provide that the time elapsing from May, 1861, to January, 1870, shall not be counted. *Lee Smith* v. *Rogers*, 65 N. C. 181, and *Plotts* v. *W. N. C. R. R.*, 65 N. C. 74, and the cases there cited.

The defendants proved that they had been sued by the plaintiff on the same bond, and that there was judgment against them, and that they had " paid," that judgment, and insisted, that in law, that supported their plea of " payment."

There is no plea of former judgment so as to estop the plaintiff, if indeed it would have that effect, and under the plea of " payment " of the claims involved in this suit, it was competent for the plaintiff to show, and he did offer evidence to show, that the former suit was not upon the same claims involved in this.

So that the payment of other claims does not, either in law or fact, support the plea of payment of these claims. The defendant can take nothing by this objection.

The real question in dispute is, whether the defendants are liable upon the bond of 1857, or whether the remedy of the plaintiff is not upon the bond of 1856. The principal defendant Galbraith, was Constable for 1856 and for 1857; his bond on which this suit is brought, is dated 23d February, 1857. The claims were put into his hands for collection in February, April, June and July, 1856, from eight to twelve months prior to the date of the bond sued on. It was his duty to collect them immediately.

There was no direct evidence that he collected them in 1856, and none that they were in his hands in 1857. If the claims were collected in 1856, the suit ought to have been upon the bond of 1856. (*State* v. *Lackey*, 3 Ire. 25,) but if they were not collected in 1856, and were in his hands after he gave the bond sued on, in 1857, his possession of the claims, although they had been put into his hands the year before, would have been evi-

STATE *v.* GALBRAITH, *et. al.*

dence, from which a new contract to collect might have been inferred, so as to make his sureties for 1857 liable. *State* v. *Johnson,* 7 Ire. 77.

It was therefore incumbent upon the plaintiff to prove that the claims were not collected in 1856, and that they were in the Constable's hands after the date of the bond sued on February, 1857. The burden was upon the plaintiff. He relied solely upon the facts that the claims were put into the hands of the Constable and had never been returned. This is entirely consistent with the supposition that they were collected in 1856. The presumption that they were, is at least as strong as the presumption that they were not, and then the burden of proof being upon the plaintiff, he must fail. At the least, the defendants were entitled to have the question submitted to the jury; but his Honor held, that if the claims were put into the hands of the Constable in 1856, and that the debtors were solvent in 1856, and continued to be solvent in 1857, the defendants were liable upon the bond of 1857. At least so we understand the charge. It is true that the language of the charge is, " that the plaintiff was entitled to receive the amount of all the claims, &c., which were good and collectable during the year 1856, and continued so during the year 1857."

When we speak of a good claim, or a solvent claim, we mean a claim upon a solvent man. This charge leaves out of view the fact that the claims might have been collected in 1856, and seems to convey the idea that if the claims, or the debtors, were good or solvent during both years, then the plaintiff was entitled to recover, no matter whether the claims were collected in 1856 or in 1857, or whether they had ever been collected at all.

Whereas the law is that if the claims were collected in 1856, the defendants are not liable upon the bond of 1857.

There is error.

P ER CURIAM.                                        *Venire de novo.*