W. S. WALDEN et al. v. N. W. RAY et al.

*Action to Recover Land—Adverse Possession for Twenty Years —Limitations.*

1. Open and continuous adverse possession of land for twenty years will give title in fee to the possessor as against all *persons* not under disability.

2. Thirty years adverse possession of land will bar an action by the State and such possession need not be continuous nor need there be any connection between the tenants.

CIVIL ACTION for the recovery of land, tried before *Coble, J.,* and a jury at May Term, 1897, of CUMBERLAND Superior Court. The usual issues in ejectment were submitted on which there was a verdict for the defendant and from the judgment thereon the plaintiffs appealed.

*Messrs. J. C. & S. H. MacRae and J. W. Hinsdale,* for plaintiffs (appellants).

*Mr. N. W. Ray,* for defendants.

DOUGLAS, J.: This is an action in the nature of ejectment for the recovery of land. The plaintiffs claim through the *feme* plaintiff, whose ancestor went upon the land fifty years ago. The land appears to have been in the uninterrupted adverse possession of the plaintiffs and those through whom they claim for more than twenty years, and, with a slight interruption, for more than thirty years. No paper title was shown by the plaintiffs. The defendant claims under a tax title. The issues submitted were as follows: "1. Is the plaintiff the owner of the land described in the complaint? 2. Is the defendant, N. W. Ray, wrongfully in possession thereof? 3. What damage is plaintiff entitled to recover from the defendant, N. W. Ray?" The jury answered the first issue in the negative, and consequently did not answer the two remaining.

There are several exceptions, only one of which it becomes necessary to consider.

Among other things the Court charged that: "To prove title by possession simply, plaintiff must prove by a greater weight of testimony that she and those under whom she claims have been in the quiet, open and continuous possession *without break* for *thirty* years before the bringing of this action." This was clearly error, as only *twenty* years adverse possession is required to give a title in fee to the possessor, as against all *persons* not under disability.     *Code,* Section 144.    Thirty years adverse possession is necessary only to bar the State, and this need not be continuous, nor need there be any connection between the tenants.     *Code,* Section 139; *Fitzrandolph* v. *Norman,* 4 N. C., 564; *Candler* v. *Lunsford,* 20 N. C., 407; *Reed* v. *Earnhart,* 32 N. C., 516; *Davis* v. *McArthur,* 78 N. C., 357; *Cowles* v. *Hall,* 90 N. C., 330; *Mallett* v. *Simpson,* 94 N. C., 37; *Bryan* v. *Spivey,* 109 N. C., 57; *Hamilton* v. *Icard,* 114 N. C., 532.

This is the practically uniform current of authority both before and after the adoption of *The Code* of Civil Procedure. For this misdirection of the jury a new trial must be ordered.

New trial.