ARMSTRONG v. STEDMAN.

(Filed April 22, 1902.)

TAXATION—*Restraining Collection—Injunction—Acts 1901, Chap. 558, Sec. 30.*

> Where a complaint alleges a tax is illegal and no answer is filed thereto, the collection of the tax should be restrained until the final hearing, under Acts 1901, Chap. 558, Sec. 30.

ACTION by J. S. Armstrong and others against F. H. Stedman, Sheriff, and others, heard by Judge *O. H. Allen,* at December Term, 1901, of the Superior Court of NEW HANOVER County. From judgment for the defendants, the plaintiffs appealed.

*E. K. Bryan,* for the plaintiffs.
*Rountree & Carr,* for the defendants.

MONTGOMERY, J. This is an action in which the main relief sought by the plaintiffs is an injunction to perpetually restrain the defendant Stedman, Sheriff of New Hanover County, and Collector for the city of Wilmington, from collecting certain taxes assessed by the proper authorities of New Hanover County, and by those of the city of Wilmington, for the year 1891.

In the first cause of action, the relief is sought because of alleged invalidity of the entire Revenue Act of 1901; in the second cause of action the assessment of the taxes therein mentioned was alleged to be void because the taxing authorities refused to allow the plaintiffs a deduction of their indebtedness against shares of bank stock owned and held by them; and in the third cause of action it is made a matter of complaint that the refusal of the taxing authorities to allow plaintiffs' deduction on account of their indebtedness from the value of their shares of bank stock, was an unjust discrimination against their stock, the result being that the assessment of their property was at a greater rate than that assessed on the money capital, which was employed in competition with the banks in which the plaintiffs held their stock, and from which deductions were allowed for the indebtedness of the owners.

The plaintiffs further alleged that they have tendered to the Sheriff and Tax Collector such taxes as might be due and as were assessed in the year 1900, or to pay on the basis of the assessment for the year 1901 if they should be allowed to deduct their indebtedness from the assessed value of their shares of stock.

At the return term of the summons an application for a restraining order was made by the plaintiffs' attorney, and the same was heard on the complaint, treated as an affidavit—no answer having been made by the defendant, nor any affidavits filed. The following judgment was rendered: "This cause coming on to be heard upon the complaint filed herein, which is exhibited to the undersigned as an affidavit, and it appearing to the Court that plaintiffs seek to restrain the Sheriff of New Hanover County, and the city of Wilmington, from collecting certain taxes upon the ground, first, that they are required to list their own shares of bank stock without being allowed to deduct from said shares debts due and owing by them, and second, that the Revenue Law was not passed in

accordance with the provisions of the Constitution. And it appearing to the Court that the requirements complained of are neither unreasonable, unjust nor against conscience, and being of opinion that the Courts of the State should not interfere by injunction with the collection of taxes, which are necessary for the subsistence of the government, when it would tend to serious and grave consequences, therefore, without passing upon the legal questions involved, it is considered that the said application for a restraining order be and the same is refused."

There was error in the judgment. An order should have been made restraining the defendant from proceeding further until the hearing of the matter embraced in the plaintiff's first cause of action. The legal question embraced in that cause of action was a matter which the laws of the State gave the plaintiffs the right to have determined in the Courts; and in that determination it was also given the right to bring to their aid relief by injunction. The Revenue Acts from 1889, including those of 1901 (Chap. 588, Laws 1901, being considered a part of the Revenue Law), provided that injunctive relief might be had if the tax should be "illegal or invalid," or the "assessment be illegal or invalid." Was the tax on the assessment of 1901 illegal or invalid? The plaintiffs, in their complaint, allege that both were invalid and illegal, because the Revenue Act of 1901 was not passed as required by the Constitution, Article II, Section 14. The allegation of the complaint on that point is clear and without qualification, towit: "Third. That the plaintiffs are informed and believe, and so allege, that the said Revenue Law under which the County Commissioners of the county of New Hanover and the city of Wilmington proceeded to levy taxes against the property of these plaintiffs, was not passed by the Legislature of North Carolina in session for the year 1901, as required by the Constitution and laws of the State of North Carolina, in that the said Reevnue Law was not read

three several times on three several days in the House of
Representatives and in the Senate of North Carolina, and the
yea and nay vote taken and recorded on the Journals of said
Senate and House, and the plaintiffs are informed, advised
and believe.that the action of the County Commissioners of
the county of New Hanover and the authorities of the city
of Wilmington, in levying the tax upon the property of these
defendants, was absolutely null and void and of no effect."
There was no denial, as we have said, of that allegation, by
answer or affidavit, and under all the precedents, the restrain-
ing order should have been granted.

If there had been a denial of the matters stated in the com-
plaint, either by answer or affidavit, the judgment of his
Honor refusing the restraining order would have been a cor-
rect one.    It could not be expected that any Judge would
restrain the collection of taxes in a case where the allegations
of the complaint had been met by full and complete denial
on the part of the defendant.

The importance of collecting taxes for the support of gov-
ernment is known and acknowledged by everyone, but in all ·
cases where the statutory law gives a right and a clear remedy
to those who pay the taxes and support the government to
question the validity of the taxes and their assessment, the
Courts must protect those rights by administering the remedy.
Of course, if the Revenue Act of 1901 was not passed accord-
ing to the constitutional requirements it contains no power
to tax, and any assessment of taxes under it would be a
nullity.

In the brief of the counsel of the appellee defendant, it is
stated that the right of injunctive relief when the tax was
"illegal or invalid," or the "assessment be illegal or invalid,"
was omitted by the act of 1901, and that therefore it must be
assumed that the omission was intentional, and for the pur-
pose of preventing an injunction.    Upon examination, how-
ever, we find that provision in the exact words of all the acts

since 1889, in Section 30 of Chapter 558 of the Acts of 1901, entitled "An act to provide for the sale of property for taxes."

The case of *Hall v. Fayetteville,* 115 N. C., 281, cited by counsel of appellee, has no bearing on this case. The Judge who wrote that opinion, it is true, referred to the case of *Railroad v. Reidsville,* 109 N. C., 494, but that opinion was founded on the Revenue Act of 1887, which did not contain the rights and remedies given under all the acts from 1889 to the present.