### BRINKLEY v. SMITH.

(Filed April 22, 1902.)

APPEAL—*Transcript of Record—Marginal References—Numbering Exceptions—Supreme Court Rules—Rule 19, Subsecs. 2, 20 and 21.*

> There must be printed on the margin, or as subheads, of each transcript of record a brief statement of the subject-matter contained therein, and such marginal references or subheads embrace also the duty of numbering the exceptions.

ACTION by B. W. Brinkley against Henry Smith, heard by Judge *Thos. A. McNeill* and a jury, at May (Special) Term, 1901, of the Superior Court of COLUMBUS County. Referred to Clerk of Superior Court to make marginal references.

*C. C. & H. L. Lyon,* for the plaintiff.
*J. B. Schulken,* for the defendant.

CLARK, J.   The rules of this Court require that marginal references shall be made to the subject-matter necessary to be considered in the discussion or decision of the appeal, Rule 19 (2) ; that if this is not done the case may be dismissed or put to the end of the district or end of the docket, or continued, as the Court may deem best, and if not dismissed the record shall be referred to the Clerk, or someone else to put

it in proper shape, with an allowance of five dollars therefor, for which execution against the appellant may immediately issue, Rule 20; and that a case will not be heard till the marginal references to such parts of the text as are necessary to be considered in the decision of the case have been inserted, Rule 21. It is further required that such marginal references shall be printed, though for economy they can, if desired, be printed as subheads, Rule 28; *Baker v. Hobgood,* 126 N. C., at page 152. Such marginal heads embrace the duty of numbering the exceptions. These marginal references, including numbering the exceptions, are essential to the proper consideration of appeals, and to facilitate the labors of the Court amid the constantly growing volume of business. The Court found this requirement indispensable, or it would not have been formulated as a rule. This requirement it is to the interest of appellants to observe for the more intelligent consideration of their appeals, independently of the penalty prescribed for failure to do so. It was well said by MERRIMON, J., in *Walker v. Scott,* 102 N. C., 490: "The impression seems to prevail to some extent that the *Rules of Practice* prescribed by this Court are merely directory—that they may be ignored, disregarded or suspended almost as of course. This is a serious mistake. The Court has ample authority to make them (Constitution, Article IV, Section 12; *Rencher v. Anderson,* 93 N. C., 105; *Barnes v. Easton,* 98 N. C., 119). They are deemed essential to the protection of the rights of litigants and the due administration of justice. They have force, and the Court will certainly see that they have effect and are duly observed whenever they properly apply."

In the present case, the exceptions are not numbered, nor is there reference to them either in the margin or as subheads, nor are there any other marginal references. The cause will be referred to the Clerk of this Court to insert the

necessary marginal references, for which he will be allowed five dollars, and (as the record is already printed) the same will be printed at the cost of the appellant and attached to the record already printed, making references to the printed pages where each subject-matter is to be found. Notice of the expenditure thus necessitated, including the five dollars allowance, will be issued to the appellant, and if not paid in time to have the corrections made and printed before the cause is reached in regular course at next term, it will then stand dismissed.

If it is made to appear to the Court in any case that the failure to comply with the Rules is not a mere inadvertence (as in this case), but is done purposely for delay, the appeal will be dismissed, as the rule permits.

In *Alexander v. Alexander,* 120 N. C., 474, the Court gave notice that compliance with this rule would be exacted, and this was reiterated at next term in *Lucas v. Railroad,* 121 N. C., 508. In fact, it is generally observed, and the failure to do so in this instance is doubtless an inadvertence, and therefore the lightest penalty is imposed. The Court having found it necessary to prescribe the rule, it is necessary to exact its observance in every case. This requirement must be observed in pauper appeals as well as others, for the exemption in pauper appeals is only from the requirement of printing the record. The cause is continued.

Referred to the Clerk.