WILMINGTON UNDERWRITERS INSURANCE COMPANY v. STEDMAN.

(Filed April 22, 1902.)

TAXATION—*Privilege Taxes—Gross Receipts—Acts 1901, Chap. 9, Sec. 78.*

Under Acts 1901, Chap. 9, Sec. 78, the tax on the gross receipts of an insurance company is a privilege tax and a county may levy an *ad valorem* tax on the property of such company.

ACTION by Wilmington Underwriters Insurance Company against F. H. Stedman, Sheriff, heard by Judge *O. H. Allen,* at Chambers at Lillington, N. C., February 12, 1902. From a judgment for the defendant, the plaintiff appealed.

*E. S. Martin,* for the plaintiff.
*Rountree & Carr,* for the defendant.

MONTGOMERY, J. The plaintiff, a corporation doing a fire insurance business in Wilmington, with a capital stock of $50,000, had, on the 1st day of June, 1901, $42,000 thereof invested in notes, bonds and mortgages, and, under protest, listed for taxation, for State and county purposes, the notes, bonds and mortgages as its personal property. The County

Commissioners of New Hanover were afterwards requested by the plaintiff, to strike from the tax-list the property, or the assessment made upon it, which request was refused, and the Sheriff was proceeding to collect the same when this action was commenced to have the assessment and tax declared invalid or illegal, and for injunctive relief. The restraining order which had been granted on the application of the plaintiff was dissolved and an injunction refused, from which order and judgment the plaintiff appealed to this Court.

The plaintiff's contention is that the whole and all of the taxes, which were authorized to be levied or assessed against it for the year 1901, were embraced in Section 78 of Chapter 9 (Revenue Act) of that year, and that the tax complained of was not only not authorized by that section, but was contrary to its provisions.

That section provides that for each license issued to a fire insurance company, the company shall pay a certain specific amount—a privilege tax.

It is also therein provided that a tax of two and a half per centum upon the amount of its gross receipts in this State shall be paid. Then follows a proviso reducing both the tax on gross receipts and the license tax, or fee, in case the company should show to the Insurance Commissioner that it had invested certain portions of its assets in municipal bonds, or any property situated in this State and taxable therein, and declaring that it should not be liable for tax on its capital stock, and that no county or corporation should be allowed to impose an additional tax, license or fee.

The defendant insists that the proper construction of Section 78, it being under Schedule B, is that all of the taxes mentioned therein constitute a privilege or license tax; that no tax can be collected or assessed against the capital stock of the company, because the section prohibits such a tax; and that no county or corporation can assess or collect any other privilege tax, but that the personal and real property of the company is taxable.

We are of opinion that the defendant's position is the true one.    The tax complained of is not a tax on the capital stock. The capital stock of a corporation is the aggregate sum subscribed and paid in, or to be paid in by the shareholders, with the additional profits on the residue after the deduction of losses.    *People v. Commissioner of Taxes,* 23 N. Y., 192.

Our construction of Section 78 is consistent with the Constitution, Article VII, Section 9: "All taxes levied by any county, city, town or township, shall be uniform and *advalorem* upon all property in the same, except property exempted by this Constitution."    Our construction is also supported by, and meets the requirements of Section 3 of the Revenue Act (Acts 1901, Chap. 9), which directs the levying and collection annually of an *advalorem* tax of certain rates on real and personal property in this State required to be listed in the Machinery Act, Chap. 7, Sec. 23.    The last-mentioned section requires the owner of property to list all his real and personal property, money, credits, investment in bonds, stocks, etc.    Taking all the foregoing sections of the Revenue Act of 1901 together, we are satisfied that their true construction is that in case insurance companies perform the requirements and take the benefits of Section 78, they are released and relieved of a tax on their capital stock, which not infrequently is to a considerable extent artificial in that it stands for larger amounts than have ever been paid in, or probably may ever be, or, if paid in, have become worthless as a true investment.    The Legislature is presumed to have knowledge of such not unlikely conditions, and to favor insurance corporations to the extent mentioned in Section 78, and that, too, without the least intention to relieve them from the payment of taxes *advalorem* upon their real and personal property, uniformly with other taxable property, as required by the Constitution.

In the case of *Armstrong v. Stedman,* decided at this term, we have held that injunctive relief may be invoked by a tax-

payer in cases where the tax or the assessment is invalid or illegal, and our reasons were given in that case.

' We have decided this case on the merits, as they appear to us from the complaint treated as an affidavit and not denied by answer or affidavit.

No Error.