## BRINKLEY v. SMITH.

(Filed October 14, 1902.)

1. DEEDS—*Probate.*

The probate of the deed offered in evidence in this cause is defective.

2. DEEDS—*Probate—Certificate of Probate—Clerks.*

The certificate of a clerk of the superior court does not validate a probate essentially defective.

3. ADVERSE POSSESSION—*Title.*

An instruction that the adverse possession of land for more than thirty years, gives title, notwithstanding the possession has been at intervals interrupted, and that the occupancy of the claimants was not connected, is erroneous.

ACTION by B. W. Brinkley against Henry Smith, heard by Judge *Thos. A. McNeill* and a jury, at May (Special) Term, 1901, of the Superior Court of COLUMBUS County. From a judgment for the plaintiff, the defendant appealed.

*C. C. & H. L. Lyon,* for the plaintiff.
*J. B. Schulken,* for the defendant.

DOUGLAS, J.  This was a special proceeding commenced before the Clerk for the partition of the land described in the complaint.  The defendant pleaded sole seizin, and the case was transferred to the Superior Court in term for trial of the issues raised in the pleadings.  It was heard on appeal at the last term of this Court, but the record was in such condition that we thought it necessary to refer it to the Clerk for correction.  130 N. C., 224.

There are only two exceptions which we deem it necessary to discuss, as they result in a new trial, where the other exceptions may not arise.

The plaintiff introduced a deed from John Daniel to A. T. Clark, to which the defendant excepted on the grounds that it had not been executed by said Daniel, and had not been properly probated. Upon said deed appear the following statements:

"Signed, sealed and delivered in the presence of J. M. Miller and J. D. Robinson, J. P."

"State of Georgia—Wayne County. Personally appeared before me, Hansell Rappell, Clerk Superior Court in and for said county, J. D. Robinson, who, on oath, says that he saw John Daniel sign a land deed on the 21st day of October, 1897, and that he also signed the deed officially as a Justice of the Peace in and for 1519 District G. M. of said county, and also saw J. M. Miller sign the same as a witness. Sworn to before me this 22d day of November, 1897.

"J. D. ROBINSON, J. P.
"HANSELL RAPPELL,
"Clerk S. C. W. C."

"North Carolina—Columbus County.

"The foregoing certificate and seal of office of Hansell Rappell, Clerk Superior Court of Wayne County, State of Georgia, is adjudged to be sufficient. Let the deed and certificate be registered, this January 19, 1898.

"A. M. McNEILL,
Deputy Clerk Superior Court."

This probate is singularly defective. Robinson, who seems to be swearing in his official capacity, does not prove the signature of the grantor to the deed in question, nor even his own attesting signature. He simply says that "he saw John Daniel sign a land deed," and that he and Miller signed the same deed. The only construction we can put upon this language is that he and Miller signed the same deed that he saw

Daniel sign, but he does not pretend to identify that deed, or the signatures thereon, as the deed then offered for probate. In other words, he does not prove the execution of this particular deed, which was the essential fact to be proved. Therefore, we think that this deed, in its present condition, was not competent evidence, and should have been excluded upon objection by the defendant. The certificate of the Clerk of the Superior Court of Columbus County merely permitted its registration, and could not have the effect of validating a probate essentially defective upon its face.

There is an exception to the charge that we think must be sustained. His Honor charged that if the jury found from the evidence that certain persons with whom the plaintiff's title was supposed to have some connection, had been in adverse possession of the premises for more than thirty years, it was their "duty to answer the issue 'Yes,' notwithstanding the possession has been at intervals interrupted, and that the occupancy of the claimants was not connected." This state of facts would have been sufficient to take the title out of the State, but not of itself to put it into the plaintiff. *Walden v. Ray,* 121 N. C., 237; *Everett v. Newton,* 118 N. C., 919. Twenty years' adverse possession of land by himself, or those under whom he claims, will give title in fee to the possessor as against all persons not under disability; but such possession must not only be adverse, but must also be open, notorious and continuous, under known and visible boundaries. The reason of this is clear. Such statutes of limitation, originally statutes of presumption, are founded upon the legal presumption of a grant or release. The law presumes that the party holding the legal title, knowing his land is in the actual possession of one who claims it as his own, and having a right of action for its recovery, admits the lawful claim of the possessor if he permits him to remain in open and undisturbed possession for so long a time.

If the possession is not so open and adverse as to reasonably put the legal owner upon notice, either actual or constructive, he can not be expected to sue on a cause of action of which he is ignorant. On the other hand, if the possessor abandons the property, its constructive possession at once reverts to the holder of the legal title. A conveyance of the property being an assertion of ownership, is not considered as an abandonment.

As is said in Angell on Limitations, Sec. 390, quoted with approval in *Malloy v. Bruden,* 86 N. C., 251, "The principle upon which the statute of limitations is predicated, is not that the party in whose favor it is invoked has set up an adverse claim for the period specified in the statute, but that such adverse claim is accompanied by such invasion of the rights of another as to give him a cause of action which, having failed to prosecute within the limited time, he is presumed to have surrendered."

The other exceptions are not necessary for the determination of this appeal, and may not arise again.

New Trial.