## PURNELL v. PAGE.

(Filed October 15, 1903.)

1. TAXATION—*Income Tax—Federal Officers—Salaries and Fees.*

   A state cannot tax the salary of a federal officer.

2. INJUNCTION—*Taxation.*

   A tax payer may maintain an injunction to prevent the sale of his property under an illegal tax, or he may pay the tax under protest and sue to recover it.

ACTION by T. R. Purnell against M. W. Page, Sheriff of Wake County, heard by Judge *H. R. Bryan,* at July Term, 1903, of the Superior Court of WAKE County. From a judgment for the plaintiff the defendant appealed.

*E. J. Best, W. H. Day* and *F. H. Busbee & Son,* for the plaintiff.
*Locke Craig,* for the defendant.

CLARK, C. J. The plaintiff is United States Judge for the Eastern District of North Carolina. The County Commissioners of Wake County, "under the advice and peremptory instruction of the Corporation Commission, acting as a Board of State Tax Commissioners," have assessed and levied an income tax upon the income received by the plaintiff from the United States as such Judge (after deducting the $1,000 exemption allowed by law), and the defendant, as Sheriff and tax collector of Wake County, has levied upon the personal property of the plaintiff and threatens to sell the same to satisfy the income tax as aforesaid. All other taxes assessed against the plaintiff have been paid except this income tax on his income from the Federal Government as Judge,

which tax he claims is illegal, and asks for an injunction to restrain the defendant from selling his property to collect the same.

It has been so long and so well settled by the highest Federal Court that no State can tax the compensation allowed by the Federal Government to its officers that it had not been thought that the point could again be raised. *Dobbins v. Erie County,* 41 U. S., 435; *King v. Hunter,* 65 N. C., 412; 6 Am. Rep., 754. In *Collector v. Day,* 78 U. S., 1113, it is said: "In *Dobbins v. Commissioners of Erie County* it was decided that it was not competent for the Legislature of a State to levy a tax upon the salary or emoluments of an officer of the United States. The decision was placed mainly upon the ground that the officer was a means or instrumentality employed for carrying into effect some of the legitimate powers of the government, which could not be interfered with by taxation or otherwise by the States, and that the salary or compensation for the service of the officer was inseparably connected with the office; that if the officer, as such, was exempt, the salary assigned for his support or maintenance while holding the office was also, for like reasons, equally exempt." In that case the Court held that for the same reason the United States Government is prohibited from taxing the salary of the officers of a State Government.

As the power of a State to tax is limited only by a restriction, if any, in the State Constitution, and there is none in ours as to the income tax, which can be levied at any rate the Legislature sees fit, if only it is uniform for each class, and of this classification the Legislature is the judge, it follows that if the General Assembly can tax the incomes of Federal officers they could tax them to be unprofitable; in short, tax them out of existence, as the United States did State banks of issue. *Veasie Bank v. Fenno,* 75 U. S., 533. In *McCulloch v. Maryland,* 17 U. S., 316, *Marshall, C. J.,* well said: "The

power to tax is the power to destroy." For exactly the same reason, to preserve the independence of the judges and the executive officers named in the Constitution, the General Assembly is forbidden to diminish their salaries, which includes a prohibition of the power to reduce them by taxation, which was settled in this State by the opinion of Attorney-General Batchelor, adopted by the Supreme Court (Nash, Pearson and Battle), 48 N. C., 555, and has since been reiterated by Attorney-General Gilmer and approved by the Court, 131 N. C., 692. The same purport, *New Orleans v. Lea,* 14 La., Ann., 197, and many other authorities.

The only difference is that the State cannot tax the salary of *any* Federal officer, nor can the Federal Government tax the salary of *any* State officer, since neither has the right to reduce the support allotted by the other government for its officers, while the State is only prohibited from reducing, by taxation or otherwise, the salaries of the Judges and of the few executive officers named in the Constitution; and Congress is likewise prohibited by the Federal Constitution only from reducing, by taxation or otherwise, the salares of the Judges and the executive officers named in that instrument. The salaries (and indeed the continued existence) of all officers of the United States and of the State, not thus designated in their respective Constitutions, being subject to the will of the legislative power of each respectively, are not thus protected by constitutional provision from taxation by its own government.

These exemptions are not "special privileges" to officials, but are made by reasons of the highest public policy. If the State could tax the salaries of Federal officers, or the Federal Government could tax the salaries of State officers, either could destroy the efficiency of the operations of the other government, since each government must act through its officers. So if Congress could reduce, by taxation, the salaries of the

Federal Judges or chief Federal executive officers, or the State Legislature could reduce, by taxation, the salaries of the State Judges and chief executive officers of the State, the judicial and executive departments would be dependent upon the will of a shifting majority in the legislative branch of the government. It was to prevent this that, profiting by the lessons of history, the Federal and State Constitutions have named the chief officers of the judicial and executive departments and placed their support beyond the power of the Legislature to reduce in any mode.

In *King v. Hunter,* 65 N. C., at p. 612, 6 Am. Rep., 754, *Reade, J.,* says: "It has been considered how far an officer or officers may be taxed. And it is considered *as settled* that the State has no power to tax an officer of the United States, or *vice versa,* because 'the power to tax includes the power to destroy,' as was said by *Chief Justice Marshall,* in *McCulloch v. Maryland,* 4 Wheat., 207. And if a State were allowed to tax a United States officer one dollar, it might tax him to the full amount of his salary, and thus 'arrest all the measures of the government.' And so the United States cannot tax a State officer for the same reason." This settles the case before us. Upon the same principle the Federal Courts have often held that the United States Government cannot tax the incomes of State officers. *U. S. v. Ritchie,* 27 Fed. Cas. No. 16, 168; *Day v. Buffinton,* 7 Fed. Cas. No. 3076 (*Clifford, J.*), affirmed, 78 U. S., 113; *Freedman v. Sigel,* 9 Fed. Cas. No. 5080.

The officials of the State and of the United States whose salaries are protected from diminution by the legislative power of their respective governments are very few in number, and they are pointed out in the Constitution of each. There can be no doubt who they are. But as the salaries of all the officers of the Federal Government are exempt from State taxation, and those of all State officers are exempt from Fed-

eral taxation, a question may often arise as to who is an "officer"; for instance, it is held that clerks in the post-office, though their appointments have been approved by the Post-master-General, are not such officers, and they are taxable on their incomes, as such. *Melchor v. Boston,* 50 Mass., 73. But we are not called upon to discuss that point in this case.

Nor do we feel inclined to enter upon the somewhat meta-physical discussion at bar of the difference, if any, between the income and salary of an officer. Of course the income of an individual, who is an officer, from other sources than his salary, is taxable, if not otherwise exempted as being derived from property already taxed. It is also true that if on the day for listing taxes (usually in this State, 1 June) the officer has in hand cash derived from his salary unspent, or property which has been bought with the savings from his salary, such "cash in hand" or other property is taxable *ad valorem* at the same rate of all other property of like value and kind. But the tax levied on income is not a property tax, but is a percentage laid on the amount which a man receives, irrespective of whether he spends it, wastes it, or invests it, and from such income tax the officers above named, and in the cases there named, are exempt for the reasons given in the authorities cited, while others are taxed on such income, subject only to the exemption named in our statute of $1,000, and the further exemption of income derived from property already taxed.

As to the other point, whether the plaintiff can maintain an injunction against the sale of his property under an illegal tax, or must pay the tax under protest and sue to recover it back, it is equally well settled that he can pursue either remedy. *Range Co. v. Carver,* 118 N. C., 331; *Armstrong v. Stedman,* 130 N. C., 217; *Brinkley v. Smith,* 130 N. C., 224, hold that under the language of the statute "injunctive

relief may be invoked by a tax payer when the tax is *invalid or illegal.*"

The Legislature is presumed to know the law, and when it levied a tax upon incomes it did not intend to authorize a tax upon incomes exempt by the Constitution of the State or Federal Government for such taxation. The act of the officer in attempting to collect such tax is not authorized by law, and he was properly restrained from selling.

Affirmed.