J. M. SHERROD AND N. J. MAYO, ADMINISTRATOR OF J. W. SHERROD, v. B. F. DAWSON, SHERIFF OF EDGECOMBE COUNTY, AND J. C. CRAWFORD, SHERIFF OF MARTIN COUNTY.

(Filed 15 March, 1911.)

1. Counties—Taxation—Conflicting Demands—Injunction—Parties—Misjoinder—Removal of Causes—Discretion of Court—Procedure.

This action involves a controversy between two counties as to which is entitled to assess taxes upon the same personal property, consisting of solvent credits. The sheriff of one county seized the property in the hands of an administrator as that of a deceased resident, and the sheriff of the other claims it as that of one of its citizens to whom the deceased is alleged to have duly assigned it before June 1. The administrator of deceased and the alleged assignee seek to enjoin the sheriffs of both counties from selling the property for taxes, offering to pay into court the taxes on the larger amount assessed: *Held*, (1) the main relief is that by injunction, and the injunction should be continued; (2) the pleadings relate to one transaction, and there is no misjoinder of parties; (3) the plaintiffs could

elect to sue in either county; (4) the question of the removal of the action in effect involved the contest of the two counties over a fund and within the discretion of the trial judge; (5) the right of either county to the tax depended upon the place of residence of the true owner, a question of fact for the jury under conflicting evidence; (6) the plaintiffs should not be required to pay the tax and sue the respective counties to recover it back; (7) the remedy by injunction is the proper one. Revisal, secs. 821, 2855.

2. **Taxation—Enforcement—Executors and Administrators—Parties —Procedure—Priorities.**

It is the duty of an executor or administrator to pay the taxes of deceased out of the trust funds in his hands, and the statute prescribes that "such liability may be enforced by an action against him in the name of the sheriff," Revisal, sec. 2862, giving certain priorities prescribed by Revisal, sec. 89.

APPEAL from *Peebles, J.,* heard at chambers, 6 January, 1911.

This is an action brought by plaintiffs in the Superior Court of Edgecombe County to restrain the defendants from selling the property of plaintiffs pending the determination of this action, in which is involved the legality of certain taxes levied by the commissioners of Edgecombe and Martin counties upon the same personal property, to wit, certain solvent credits.

The cause was heard by his Honor at chambers, who rendered judgment vacating the restraining order theretofore granted. From his judgment plaintiffs appealed.

*Bunn & Spruill for plaintiffs.*
*H. A. Gilliam for defendant Dawson.*
*Harry Skinner for defendant Crawford.*

BROWN, J. The facts as presented by the record are that certain notes and mortgages, solvent credits, are in the hands of J. P. Bunn, an attorney of Rocky Mount, N. C.

The Board of Commissioners of Martin County entered said personal property on the tax lists of that county after the death of Dr. J. W. Sherrod, who died intestate in that county on 7 November, 1909, claiming that said solvent credits were his property and that they had never been listed for taxation.

It is admitted that Dr. J. W. Sherrod was a resident of Martin County at the time of and for years before his death. It is admitted that the defendant Crawford has advertised certain cotton and lands belonging to said estate, and in the hands of N. J. Mayo, administrator, for sale to pay said assessment. The tax levied by the commissioners of Martin amounts to $1,690.85.

The plaintiff John M. Sherrod is the son of Dr. J. W. Sherrod, and has been for some years a citizen and resident of the county of Edgecombe. It is alleged, and plaintiffs offered affidavits in support thereof, that this identical property in the hands of J. P. Bunn was duly transferred and assigned prior to 1 June, 1905, by said J. W. Sherrod to his son, John M. Sherrod, who has been a citizen and resident of Edgecombe County ever since.

On the first Monday of April, 1910, after due notice to John M. Sherrod, the Board of Commissioners of Edgecombe County assessed a tax of $1,831.18 against this property, claiming that the said solvent credits belong to John M. Sherrod, a resident of that county, and have belonged to him since prior to 1 June, 1905.

The defendant Dawson, Sheriff of Edgecombe County, is endeavoring to collect this tax out of the property of the plaintiff John M. Sherrod.

The plaintiffs ask to be permitted to pay into court the larger sum assessed, $1,831.18, to abide the judgment of the court as to which county the taxes on said property rightfully belong, and that the defendants be enjoined from selling the property of the plaintiff John M. Sherrod, or of the estate of J. W. Sherrod.

The contention that there has been a misjoinder cannot be sustained. All the averments in the pleadings relate to one transaction and one cause of action, to wit, a permanent injunction to prevent the sale of plaintiff's property. *Fisher v. Trust Co.,* 138 N. C., 224; *Ricks v. Wilson,* 151 N. C., 48.

All parties in interest are before the court, and its judgment will be binding upon them. If two separate actions were

brought, one in Martin and one in Edgecombe, conflicting ver-
dicts and judgments may be rendered and the result be that
the authorities of two counties might levy and collect taxes
upon identically the same personal property.

The motion to change the venue and remove the cause to
Martin County was properly denied.

The cause could have been properly instituted in either
county, and the plaintiffs had the right to sue in Edgecombe
rather than in Martin, where defendant Crawford resides.

The Superior Court, upon application, may remove the
cause to some adjoining county for trial of the issues, as this
is practically a contest between two counties over a certain
fund; but that is a matter in the sound discretion of that
court. It would seem proper that the cause should be deter-
mined in a disinterested county.

We are of opinion that plaintiffs are entitled to injunctive
relief, upon paying into court the larger sum claimed by the
defendant Dawson on behalf of the county of Edgecombe.

It is contended that the plaintiffs should pay the taxes
assessed in Martin and Edgecombe counties and sue the coun-
ties to recover it back. This position is untenable. The im-
position of the tax by one county or the other is clearly ille-
gal. The right to levy the tax depends upon who was the true
owner of the property at the time when the taxes accrued.
Property of this character is subject to taxation only where
the true owner resides. The legality of either tax can only
be determined when the residence of the real owner shall be
ascertained and fixed by the jury.

An injunction will lie to restrain the collection of taxes and
to restrain the sale of property under distraint, for three rea-
sons, to wit: (1) If the taxes or any part thereof be assessed
for an illegal or unauthorized purpose. (2) If the tax itself
be illegal or invalid. (3) If the assessment of the tax be ille-
gal or invalid. Revisal, secs. 821 and 2855. *Purnell v. Page,*
133 N. C., 125.

In the case of *Lumber Co. v. Smith,* 146 N. C., 199,
which was an action brought to collect taxes on solvent credits,

*Justice Connor,* writing the opinion of the Court for an undivided bench, held that injunction is the proper remedy as against delinquent taxes illegally sought to be collected. Upon the same point see, also, *Armstrong v. Stedman,* 130 N. C., 217; *Ins. Co. v. Stedman,* 130 N. C., 221.

In this case the injunctive relief sought is not merely ancillary to the principal relief demanded in the action, but is itself a main relief, for, assuredly, as to one or the other county, the tax is illegal and invalid.

In the case of *Hyatt v. DeHart,* 140 N. C., 270, this Court held that it is the general rule that the Court will not dissolve an injunction where the main relief demanded in the action is injunctive.

In *Purnell v. Page,* 133 N. C., 129, the present *Chief Justice* spoke for the Court in these words: "As to the other point, whether the plaintiff can maintain an injunction against the sale of his property under an illegal tax, or must pay the tax under protest and sue to recover it back, it is equally well settled that he can pursue either remedy. *Range Co. v. Carver,* 118 N. C., 331; *Armstrong v. Stedman,* 130 N. C., 217; *Brinkley v. Smith,* 130 N. C., 224, hold that under the language of the statute injunctive relief may be invoked by a taxpayer when the tax is invalid or illegal."

In respect to the right of the defendant Crawford, as Sheriff of Martin County, to levy on the lands and cotton belonging to the estate of Dr. Sherrod for the collection of this tax levied and placed upon the lists after his death, or even before his death, it is to be observed that the method of collection of taxes against the estate of a decedent is regulated by section 2862, Revisal, which makes it the duty of the executor or administrator to pay the taxes out of the trust funds, and prescribes that "such liability may be enforced by an action against him in the name of the sheriff."

All taxes owing by a decedent are given a certain priority and are placed in class 3 of schedule of debts. Revisal, sec. 89.

These statutes plainly indicate that the ordinary methods of collecting taxes by a sheriff do not apply to the collection of taxes from a decedent's estate.

154—34

These plaintiffs, however, do not seek to restrain or delay the collection of the tax. They admit that the tax is due to one county or the other. They only ask to restrain the sale of their property in case they pay the largest amount claimed into court to abide the result of the action. It is but reasonable that their prayer should be granted.

It is therefore decreed that upon payment of the larger sum named herein into the office of the Clerk of the Superior Court of Edgecombe County an injunction issue against the defendants Dawson and Crawford, as prayed.

The costs of this appeal will be taxed against the defendants.
Reversed.