R. S. PERRY and others v. WESLEY WHITAKER and others.

The election held in Raleigh Township, County of Wake, under the authority of the Act of 1873–'74, chap. 138, where there was no opportunity afforded the citizens to register, is void.

A certificate signed by a Justice alone, when the act requires the same to be signed by the "Inspectors and the Justice," and in which it is not stated that the votes were compared, is not the certificate required by the act to be registered.

This was a CIVIL ACTION to set aside an election, and for an injunction, heard and determined by his Honor, *Judge Watts,* at Chambers in the city of Raleigh, county of WAKE on the 13th day of May, 1874.

The facts, bearing upon the point decided in this Court, are substantially the following:

The plaintiffs, licensed retail liquor dealers, applied to his Honor, Judge Watts, of the 6th District, for an injunction restraining the Justice of the Peace from certifying the result of a certain election, held in Raleigh Township, by virtue and under the authority of the act of the General Assembly, 1873–'74, chap. 138, entitled an "Act to prohibit the sale of spirituous liquors in Townships where the people so determine," and also to prohibit the Register of Deeds to record such certificate when it should be returned to him. In their complaint, the plaintiffs allege among other things, and it is the point in the case upon which the decision turned, that there was no registration ordered preceding the election, nor any means of registration opened to the voters, and that in consequence thereof the election was void. In addition to this, the plaintiffs contended that the certificate prescribed by the act aforesaid, was not properly signed and compared, &c.

V. Ballard, on motion, was permitted to defend, which he did by filing his affidavit, taken by the Court as an answer.

His Honor upon hearing the complaint and affidavits granted the restraining order until the 15th of May, at which time the

answer, and further affidavits being in, the Court continued the order to the hearing.    From this judgment, the defendant, Ballard, appealed.

*Battle & Son, Smith & Strong*, and *Pace*, for appellant.
*Busbee & Busbee*, and *Fuller & Ashe*, contra.

READE, J.   1. We are of the opinion that the election in this case was void and of no effect, for the reason that a large number of the citizens of the city were not allowed to vote, for the reason that they were not registered and no opportunity was afforded them to register.   The act of 1873–'74, authorizing the election provides, " That any person allowed by law to vote for members of the General Assembly shall have the right to vote at such election," &c.    And the general election law for members of the General Assembly, provides that every person qualified to vote " shall be entitled to registration upon application."    Bat. Rev., chap. 52, sec. 12.

In our case no registration books were opened at all.    This might not have worked any wrong if every person otherwise qualified had been allowed to vote without regard to registration ; that is to say, if no registration books had been used at all, but they did use the registration of some years before and excluded all who were not upon that registration book.    This was manifestly a fraud upon the popular vote, although doubtless, no fraud was intended.

2. Section 4 of the act under which the election was held provides " That on the day next after the election shall be held, the inspectors of such election and a Justice of the Peace of the Township shall compare the vote polled in the Township, and certify the number of votes cast in favor of prohibition and the number in favor of license and the result of such election to the Register of Deeds of the County, who shall first copy such certificate in a book," &c.

That seems not to have been done.    The certificate is not by the " *inspectors* and a *justice*," but by the justice alone.

And it does not set forth that the vote had been compared; nor does it set forth what the election was about. That is not such a certificate as the act requires the Register of Deeds to register.

We are of the opinion that to register such a certificate of an election thus fraudulently held to give it the force of a public law would produce irreparable mischief to the public and to individuals affected thereby.

There is no error in the order appealed from. Let this be certified.

We disclaim the power of the Court to restrain a ministerial officer from doing an act which he has been commanded to do by the Legislature, when acting within the scope of its authority. And we put our decision upon the ground that *the* act here restrained, is not *the* act which the Legislature contemplated.

PER CURIAM.                                    Judgment affirmed.