R. R. RAGAN v. R. A. DOUGHTON, COMMISSIONER, ET AL.

(Filed 10 November, 1926.)

**Taxation—Payment of Tax—Actions—Injunction.**

The plaintiff's remedy for contesting the validity of the ruling of the State Commissioner of Revenue in erroneously classifying him as one buying and selling real estate under section 30, ch. 101, Revenue Act of 1925, is by paying the tax under protest and suing to recover it. C. S.,

7979, there being no question as to the legality of the tax thus imposed, and there being no element of an equitable nature involved, the remedy by injunction is unavailable. C. S., 858.

APPEAL by plaintiff from *Finley, J.,* at Chambers, 21 June, 1926, from GUILFORD.

Civil action to restrain the collection of a license tax levied under section 30, ch. 101, Revenue Act, Schedule B, Public Laws 1925, it being alleged that plaintiff is not engaged in the business of buying and selling real estate for profit, for which he has been taxed.

A temporary restraining order was issued in the cause, which was later dissolved, and, from the court's refusal to continue the injunction to the hearing, the plaintiff appeals.

*D. H. Parsons for plaintiff.*
*Attorney-General Brummitt and Assistant Attorney-General Allen for defendant.*

STACY, C. J.  The temporary restraining order was dissolved upon the ground and finding that the tax in question is not illegal or invalid, or levied or assessed for an illegal or unauthorized purpose, and that, therefore, the plaintiff's right to contest its collection, either in whole or in part, is not by seeking an injunction (C. S., 858), but by paying the tax under protest and then suing to recover it back, observing, of course, the requirements of the statute with respect to time, notice, etc. C. S., 7979. We find no error in this ruling. *R. R. v. Comrs.,* 188 N. C., 265.

We think a fair interpretation of the pertinent decisions, construing the statutes applicable, would be to say that where the legality of the tax, or the legality of the assessment, or the purpose for which the tax is assessed or authorized, is not assailed, but the taxpayer merely contends, contrary to the ruling of the Revenue Department, that he does not come within the class taxed, in the absence of circumstances sufficient to invoke the aid of a court of equity, his remedy for determining this controverted question of fact, which challenges only the administration of the law, is not by seeking to enjoin the collection of the tax, but by paying it under protest and then suing to recover it back. *Sherrod v. Dawson,* 154 N. C., p. 528; *Purnell v. Page,* 133 N. C., 129; *Armstrong v. Stedman,* 130 N. C., 217; *Ins. Co. v. Stedman, ibid.,* 221; *Schaul v. Charlotte,* 118 N. C., 733; *Range Co. v. Carver, ibid.,* 328; *Mace v. Comrs.,* 99 N. C., 65; *R. R. v. Lewis, ibid.,* 62.

The ruling of his Honor on the facts appearing of record must be upheld.

Affirmed.