MRS. JODIE PHIFER, ADMINISTRATRIX OF THE ESTATE OF H. T. PHIFER, v. W. J. BERRY AND JOHN C. BERRY.

(Filed 16 March, 1932.)

1. **Pleadings D e—Demurrer admits facts properly alleged but not conclusions or inferences of law therefrom.**

   A demurrer to a complaint admits the facts therein properly alleged but not conclusions or inferences of law therefrom, and where the demurrer sets up the defense that the plaintiff had accepted an award under the Workmen's Compensation Act and was therefore barred from maintaining the action the plaintiff's right to maintain the action will be determined as a matter of law by a construction of the Compensation Act.

2. **Master and Servant F a—Upon paying award the insurance carrier may prosecute action begun by employee against third person.**

   Although the administratrix of a deceased employee who has received compensation for the employee's death under the provisions of the Workmen's Compensation Act is thereby barred from prosecuting any other remedy for the injury, she may, pending the hearing before the Industrial Commission, institute an action against a third person whose negligent acts caused the death of the intestate, C. S., 160, and where the insurance carrier has paid the compensation later awarded, it is subrogated to the rights of the employer and may by the express terms of the Compensation Act maintain the action against such third person in the name of the administratrix, N. C. Code of 1931, sec. 8081(r), the right of action not abating by the insurance carrier's subrogation to the plaintiff's interest *pendente lite,* C. S., 446, 461, and where in such action it is alleged that

the action was being prosecuted by the insurance carrier for its benefit the defendant's demurrer entered on the ground that the action was barred by the award under the Compensation Act is properly overruled.

APPEAL by defendants from an order of *Oglesby, J.,* overruling their demurrer to the reply filed by the plaintiff. Heard in MECKLENBURG on 3 June, 1931.

On 9 February, 1930, H. T. Phifer, plaintiff's intestate, was driving a delivery truck of Foremost Dairy Products, Incorporated, on West Morehead Street in the city of Charlotte. At the intersection of Morehead and Mint streets a collision occurred between the truck and an automobile owned by the defendant W. J. Berry, a resident of Durham, and driven by his son, John C. Berry. In the collision the intestate suffered injuries which caused his death. The plaintiff qualified as administratrix of his estate and brought suit against the defendants, alleging that the death of her intestate resulted solely from the negligence of the defendants.

The defendants denied all the allegations of negligence, pleaded contributory negligence, and alleged: (a) that the plaintiff had sought compensation for the death of her husband under the terms of the Workmen's Compensation Act; (b) that the Industrial Commission had awarded her compensation which she had accepted; (c) that by the terms of the Compensation Act, section 11, her claim for compensation was an election of remedies and that she had no right to proceed at law against the defendants in the present action.

The plaintiff filed a reply to the answer in which she denied that she was barred by an election of remedies, and alleged:

(1) That soon after the death of her intestate she filed with the Industrial Commission a claim for compensation against his employer, Foremost Dairy Products, Incorporated, and against the Indemnity Insurance Company of North America, which had insured the employer's liability.

(2) That the employer and carrier denied liability and appealed to the Superior Court from an award made by the Industrial Commission.

(3) That while the matter was pending in the Superior Court the plaintiff instituted this action.

(4, 5) That the appeal to the Superior Court resulted in a judgment affirming the award and that the judgment was affirmed on appeal to the Supreme Court.

(6, 7) That by the terms of section 11, chapter 120, Public Laws of 1929 (North Carolina Workmen's Compensation Act), the Indemnity Insurance Company of North America became subrogated to the right of the plaintiff to prosecute this action for the use and benefit of itself

and of the plaintiff as their interests might appear; that this action is prosecuted by the Indemnity Insurance Company of North America as assignee of the rights of the plaintiff under said act for its own use and benefit, and for such use and benefit as the plaintiff may have therein under the terms of said act; and that the plaintiff as administratrix of the estate of H. T. Phifer has agreed to be bound by the prior rights of the Insurance Company in and to the proceeds of any recovery that may be had in this action.

The defendants' demurrer to the reply is as follows:

(1) It appears from the plaintiff's pleadings filed in this cause that the plaintiff's intestate was employed at the time of his death by Foremost Dairy Products, Incorporated; that the plaintiff as the administratrix of the deceased filed her claim for compensation under the North Carolina Workmen's Compensation Act; that an award of compensation was made to the plaintiff as a result of the death of her intestate as provided by the Workmen's Compensation Act; that after various appeals were prosecuted the award was affirmed by the Supreme Court; and that the award is being carried out by the employer against whom the same was filed, or by its insurer.

(2) That the North Carolina Workmen's Compensation Act, section 11 (N. C. Code, 1931, sec. 8081(r) provides that the acceptance of an award of compensation bars further proceedings in an action at law for damages, and that the acceptance of the award of compensation by the plaintiff bars further proceeding in this action.

(3) That the action of the plaintiff abates and she cannot proceed further with it upon and after the acceptance by her of the award of compensation under the Workmen's Compensation Act.

The demurrer was overruled. The defendants excepted and appealed.

*D. B. Smith and J. F. Flowers for appellants.*
*J. Laurence Jones and Taliaferro & Clarkson for appellee.*

ADAMS, J. In her reply the plaintiff alleged that after her husband's death she instituted a proceeding before the Industrial Commission against Foremost Dairy Products, Incorporated, her intestate's employer, and the Indemnity Insurance Company of North America, which had insured the employer, to recover compensation for the death of her intestate; that the respondents denied liability; that compensation was finally awarded pursuant to an opinion of the Supreme Court (*Dependents of Phifer v. Dairy,* 200 N. C., 65); that the insurer then admitted its liability and undertook to carry out and is now carrying out the terms of the award; that while the proceeding begun before the Indus-

trial Commission was pending on appeal and before it had been determined she began an action at law against the defendants in the Superior Court of Mecklenburg County; and that it is now prosecuted by the Indemnity Insurance Company of North America as constructive assignee of the plaintiff.

The demurrer admits the plaintiff's allegations of fact but not her inferences or conclusions of law. *Yarborough v. Park Commission,* 196 N. C., 284. It raises an issue of law which involves an interpretation of section 11 of the Workmen's Compensation Act. Pub. Laws 1929, ch. 120; N. C. Code, 1931, sec. 8081(r).

After providing that the rights and remedies therein granted shall exclude all other rights and remedies of an employee, his personal representative, parents, dependents, and next of kin, as against the employer at common law, section 11 proceeds as follows: "When such employee, his personal representative or other person may have a right to recover damages for such injury, loss of service, or death from any person other than such employer, he may institute an action at law against such third person or persons before an award is made under this act, and prosecute the same to its final determination; but either the acceptance of an award hereunder, or the procurement of a judgment in an action at law, shall be a bar to proceeding further with the alternate remedy. . . . The acceptance of an award under this act against an employer for compensation for the injury or death of an employee shall operate as an assignment to the employer of any right to recover damages which the injured employee or his personal representative or other person may have against any other party for such injury or death; and such employer shall be subrogated to any such right, and may enforce, in his own name or in the name of the injured employee or his personal representative the legal liability of such other party. If the injured employee, his personal representative or other person entitled so to do, has made a claim under this act against his employer, and has not proceeded against such other party, the employer may, in order to prevent the loss of his rights by the passage of time, institute such action prior to the making of an award hereunder. . . . When any employer is insured against liability for compensation with any insurance carrier, and such insurance carrier shall have paid any compensation for which the employer is liable or shall have assumed the liability of the employer therefor, it shall be subrogated to all the rights and duties of the employer, and may enforce any such rights in its own name or in the name of the injured employee or his personal representative: *Provided, however,* nothing herein shall be construed as conferring upon insurance carriers any other or further rights than

those existing in the employer at the time of the injury to his employee, anything in the policy of insurance to the contrary notwithstanding."

The first provision restricts the employee, his personal representative, or other person to recovery by one of the alternate remedies. If he has a right to recover damages from any person other than the employer, he may institute an action at law before an award is made and may prosecute his suit to its final determination; but if he procures a judgment in the action at law he is barred of his remedy for an award under the Workmen's Compensation Law, and if he accepts an award he is barred of his remedy in the action at law. He may recover by one of the alternate remedies, but not by both. Though he may proceed concurrently against the employer and a third person, he cannot recover both compensation under the act and damages in an action at law. Honnold on Workmen's Compensation, 154, sec. 41; *Horsman v. Richmond, F. & P. R. Co.,* 157 S. E. (Va.), 158. But, as pointed out by *Connor, J.,* in *Brown v. R. R., ante,* 256, 264, this does not affect the right of the employer or of the insurance carrier, who has paid the award, to maintain an action against a third party who has wrongfully caused the injury for which compensation was given.

Section 11 provides that the acceptance of an award shall operate as an assignment to the employer of any right to recover damages which the injured employee or his representative may have; that the employer shall be subrogated to such right and may enforce in his own name or in the name of the employee or his personal representative the legal liability of the other party; and that an insurance carrier which has paid compensation for the employer shall be subrogated to the employer's rights and duties and may enforce such rights in its own name, or in the name of the injured employee or his personal representative. The compensation law assigns the injured person's right of action against a *tort-feasor* to the employer or to the employer's insurer and enables the assignee to maintain the action which the employee could have maintained had no such assignment been made. 2 Schneider's Workmen's Compensation, sec. 466. In such case the action is prosecuted, not in behalf of the injured employee, or of the persons designated as beneficiaries of the recovery under C. S., 160, but in behalf primarily of the employer or of the insurance carrier. *Brown v. R. R., supra.*

Here the Indemnity Insurance Company of North America is liable for the award and is undertaking to pay it. By the terms of the act the company is, therefore, the assignee of any right to recover damages which the employee or his personal representative had against the defendants, and is, moreover, subrogated to such right, subrogation being merely an application of equitable principles.

PHIFER v. BERRY.

The Compensation Law provides that any amount collected by the employer in excess of the amount paid by him, or for which he is liable, shall be held for the benefit of the injured employee, or other person entitled thereto, less such amounts as are paid by the employer for reasonable expenses and attorney's fees when approved by the Industrial Commission. It is alleged in the reply that the present action is prosecuted by the Indemnity Insurance Company of North America as assignee of the rights of the plaintiff for its own use and benefit and for such use and benefit as the plaintiff may have under the law, and that the administratrix has agreed to be bound by the prior rights of the insurer in the recovery. The demurrer admits these allegations. Upon this admission we must assume, at least in the absence of allegation or proof to the contrary, that the insurer is prosecuting the action by virtue of the assignment of the employee's rights and its subrogation thereto, and that the action is properly constituted in court.

In *Horsman v. Richmond, F. & P. R. Co., supra,* the Supreme Court of Appeal of Virginia held that the plaintiff by accepting compensation under the Workmen's Compensation Act from his employer's insurer was "barred from instituting an action in his own name for recovery against the defendant"; and in *Williamson v. Wellman,* 158 S. E., 777, the same Court remarked that in *Horsman's case* the plaintiff amended the writ and endorsed thereon the names of the employer and the insurance carrier without their consent. In the latter case a similar endorsement was made with the knowledge and consent of the employer, and it was held that the action was for his sole benefit. The cause was remanded for proceedings to ascertain the sum to be paid.

As was said in *Williamson v. Wellman* an employee's acceptance of an award "is a complete bar to *his* proceeding with the alternative remedy." But the common-law rule that by the transfer *pendente lite* of the plaintiff's interest in the subject-matter the action necessarily abates, has been abrogated by statute. C. S., 446, 461; 47 C. J., 159, sec. 296. In case of a transfer of interest "the action shall be continued in the name of the original party or the court may allow the person to whom the transfer is made to be substituted in the action." C. S., 461. Under section 11 the subrogated party may enforce the legal liability of "any person other than such employer" in his own name or in the name of the injured employee or his personal representative.

Upon the allegations admitted by the demurrer we think the judgment should be

Affirmed.