F. C. FORESTER, A. F. PHILLIPS, L. S. LOWE, C. T. DOUGHTON, C. A.
DIMMETTE, L. A. HARRIS, W. T. COLVARD, J. C. McNEILL, C. E.
JENKINS, W. A. McNEILL, GOLDSTON SMITH AND T. C. CAUDILL,
ON BEHALF OF THEMSELVES AND OTHER TAXPAYERS OF THE TOWN OF
NORTH WILKESBORO, v. TOWN OF NORTH WILKESBORO, S. V.
TOMLINSON, I. E. PEARSON, RALPH DUNCAN AND J. C. REINS, COM-
MISSIONERS OF TOWN OF NORTH WILKESBORO, AND W. P. KELLY,
TAX COLLECTOR, AND W. B. SOMERS, SHERIFF AND TAX COLLECTOR OF
WILKES COUNTY.

(Filed 11 April, 1934.)

1. Schools and School Districts B c—Request for special election by
   school administrative unit held made in reasonable time under facts.

   In this case the defendant city school administrative unit was not set
   up until after 15 June, 1933, and on 30 June, it filed written request with
   the board of commissioners of the city for an election to vote on a pro-
   posed special supplementary school tax in the city. Notice of the registra-
   tion and election were published substantially as required by law. *Held,*
   the collection of the special tax voted for at the election will not be en-
   joined for failure of the administrative unit to file the written request
   for the election on or before 15 June, it appearing that the machinery
   for the election was commenced within a reasonable time under the
   facts and circumstances of the case. Chapter 562, Public Laws of 1933.

**2. Same: Elections I d—Irregularity in election held not prejudicial on whole record and result of election is not disturbed on appeal.**

The registration books for. an election to vote on a special supplementary tax in a city school administrative unit were kept open for registration for four consecutive Saturdays prior to the election, but through inadvertence of the officials were closed the third Saturday before the election instead of the second Saturday prior thereto. Notice of the registration and election were duly published and the question was widely discussed in the locality for over a month before the election, and it appeared that the result of the election was not affected by the inadvertence in failing to keep the registration books open the second Saturday before the election. *Held*, although election officials should be careful to conduct elections in substantial compliance with law, the levy of the special tax approved at the election will not be enjoined upon suit of some of the taxpayers, it appearing that the inadvertence complained of was not prejudicial upon the entire record.

APPEAL by plaintiffs from *Sink, J.,* at Chambers in Charlotte, N. C., 27 October, 1933. From WILKES. Affirmed.

This is a civil action brought by the plaintiffs, who are taxpayers and citizens of the town of North Wilkesboro, which is a school administrative unit under the School Machinery Act of 1933, against the defendants, the town of North Wilkesboro, and W. P. Kelly, tax collector of the town, restraining the defendants from collecting an alleged special school tax, for the reason as alleged by the plaintiffs, that the election held for said special school tax in said special school tax unit, is void and of no effect, and that both the levy and the tax is illegal and void; the chief relief sought in this action is injunctive, praying for a permanent injunction against the defendants enjoining them from the collection of the alleged tax. The plaintiffs applied for and obtained a temporary restraining order, which by consent of the parties under C. S., 853, was heard by his Honor, Judge Hoyle Sink, and from an order dissolving the temporary restraining order, the plaintiffs appealed to the Supreme Court and made exceptions and assignments of error hereafter set forth. The judgment of the court below is as follows:

"This cause coming on to be heard before his Honor, Hoyle Sink, judge holding the courts of the Fourteenth Judicial District, and it appearing to the court by written stipulation between the plaintiffs and the defendants, as provided for in section 853 of North Carolina Code of 1927, the parties have mutually agreed that the temporary restraining order issued in this cause be heard before his Honor, Hoyle Sink, holding the courts of the Fourteenth Judicial District, at Charlotte, N. C., on Friday, 27 October, 1933, and after the reading of the pleadings and affidavits in this cause, and after argument of counsel for the plaintiffs and defendants, the court finds as facts:

"That a special election was called in the city administrative school unit for the town of North Wilkesboro on 4 July, 1933, by the board of town commissioners, upon a written request filed by all of the members of the board of trustees of North Wilkesboro city school administrative unit; that an election was held for the purpose of voting a special levy to supplement the school funds in said school on 15 August, 1933; that notice of said election was duly given in a local newspaper published in the town of North Wilkesboro, as provided by law, and that said notice set forth that on Saturday, 8 July, Saturday, 15 July, Saturday, 22 July, Saturday, 29 July, were designated as registration days and that all parties desiring to vote in said election would have to register during this period before he or she would be entitled to cast their ballot in said election; that Saturday, 12 August, 1933, was designated as challenge day; that the registration books for said election closed on the third Saturday instead of the second Saturday before the election; that there were 715 duly qualified electors registered for said special election and that a majority of the duly qualified electors registered for said election cast their vote in favor of the special levy; that the election was fairly and honestly conducted by the election officials; that a judge and marker were appointed in favor of the special levy and against the special levy; that the election was conducted and carried on under the law governing general elections and the Australian ballot system as near as practical; that during the period the registration books were open for registering voters, there were a number of newspaper articles in the local newspapers circulated in the town of North Wilkesboro in favor of the special levy and against the special levy; that the election was widely discussed by the voters of the town of North Wilkesboro; that the registration books were kept open for four consecutive Saturdays and that the closing of the books on the third Saturday instead of the second Saturday before the election did not change the result of the election. That the North Wilkesboro city administrative unit was not set up by the State School Commission of North Carolina until after 15 June, 1933; that the board of trustees of North Wilkesboro city administrative unit, within a few days after the school commission had set up the North Wilkesboro city administrative unit, filed a written request with the board of town commissioners asking the town commissioners to call an election within the corporate limits of the town of North Wilkesboro, which request was not filed until after 15 June, 1933.

"That the School Machinery Act, Public Laws, 1933, provides, that upon written request of the school trustees of the city administrative unit filed with the tax levying authorities of such unit, that the tax levying authorities of such unit shall provide that an election be held

under the law governing such elections, as set forth in Articles 23, 24 and 26 of chapter 95 of Consolidated Statutes of North Carolina, Volume 3 : That the election held on 15 August, 1933, did not include any territory outside of the city limits of the town of North Wilkesboro; that the special election held on 15 August, 1933, was carried on and conducted in accordance with provisions of Articles 23, 24 and 26 of chapter 95 of Consolidated Statutes, Volume 3.

"It is therefore ordered, considered and adjudged, that the temporary restraining order heretofore issued be dissolved and that this action be dismissed and that the plaintiffs be taxed with the cost of this action."

The following exceptions and assignments of error were made by plaintiffs : (1) That his Honor erred in refusing to find the facts requested by the plaintiffs. (2) That his Honor erred in signing the order dismissing the temporary restraining order. (3) That his Honor erred in refusing to continue the restraining order until the final hearing of this cause. The necessary facts will be set forth in the opinion.

*T. C. Bowie for plaintiffs.*
*Jones & Brown and J. A. Rousseau for defendants.*

CLARKSON, J. We have examined the record and briefs of the litigants with care and see no prejudicial error in the record. The exceptions and assignments of error made by plaintiffs cannot be sustained.

Chapter 562, Public Laws, 1933, is entitled : "An act to promote efficiency in the organization and economy in the administration of the public schools of the State; to provide for the operation of a uniform system of schools in the whole of the State, for a term of eight months, without the levy of any *ad valorem* tax therefor." Section 35 of said act, in part, is as follows : "All Public, Public-Local or Private Laws and clauses of laws in conflict with this act, to the extent of such conflict only, are hereby repealed." See *S. v. Kelly,* 186 N. C., 365 (371-2). Section 17, in part : "That the county board of education in any county administrative unit, and the board of trustees in any city administrative unit, with the approval of the tax levying authorities in said county or city administrative unit and the State School Commission in order to operate the schools of a higher standard than those provided for by State support, but in no event to provide for a term of more than 180 days may supplement any object or item of school expenditure," etc.

Provision is made to submit the matter to a vote of the people in the administrative unit. From an examination of the record, we think there are only two main contentions of plaintiffs to be considered : First, is to the effect that the request shall be filed "with the tax levying authorities in each city, county and city administrative unit on or before the

15th day of June on forms provided by the State School Commission."
Plaintiffs contend this provision is mandatory. It is contended by de-
fendants that the administrative unit for the town of North Wilkesboro
was not set up until after 15 June, 1933, and therefore it was impossible
to file a request for a special election until after that date—on 30 June,
1933. The board of trustees of the North Wilkesboro unit filed a written
petition requesting that a special election be held to levy a tax of 20
cents on the $100.00 valuation of property, the tax to be used to supple-
ment the salaries of teachers and other expenses incidental to the open-
ing of the North Wilkesboro high school. The board of commissioners
of the town of North Wilkesboro on 4 July, 1933, called the special
election to be held on 15 August, 1933, appointing a registrar and two
judges, one in favor of the tax and one against the tax. Notice of the
registration and election was published substantially as required by law.

The defendants contend that the matter was directory. The plaintiffs'
contention cannot be sustained from the facts and circumstances of this
case. The machinery for the election was commenced within a reasonable
time under the facts and circumstances of this case.

The second contention of plaintiffs, is to the effect that the election
was held on 15 August, 1933, but the registration books were ordered
and kept open on Saturdays: 8, 15, 22, and 29 July, and not the fol-
lowing Saturday in August—the law requiring four Saturdays and a
Saturday for challenge day prior to the election. On the other hand, the
defendants contend this was inadvertently done by the commissioners,
but this did not affect the result of the election; that on the Saturday
in question, no voters presented themselves for registration, either at
the polling place or to the registrar personally. The election was dis-
cussed pro and con from the date of 4 July, 1933, when it was ordered
by the commissioners, to 15 August, 1933, when the election was actually
held, 715 voters registered for the special election. At the election, there
were 383 votes cast for tax and 93 votes against the tax.

Under the facts and circumstances of this case, we see no harm has
come to plaintiffs from this inadvertence and plaintiffs' contention can-
not be sustained. "In *Hill v. Skinner,* 169 N. C., at page 412, it is held:
'The ultimate conclusions from the authorities is thus stated in A. & E.,
Enc. (2 ed.), at pp. 755, 767: The general principles to be drawn from
the authorities are, that honest mistakes or mere omissions on the part
of the election officers, or irregularities in directory matters, even though
gross, if not fraudulent, will not avoid an election, unless they affect
the result, or at least render it uncertain. But if the irregularities are so
great that the election is not conducted in accordance with law, either
in form or substance, and there are matters of substance that render
the result uncertain, or whether they are fraudulent and the result is

made doubtful thereby, the returns should be set aside.' " *Penland v. Bryson City,* 199 N. C., 140 (148).

We do not think on the entire record that the court below erred in refusing to continue the temporary restraining order to the final hearing. It appears from the record that the taxes to a great extent, have been paid under the levy made. As to them, the question may be academic. We see no prejudicial error on the record, but we may say that all elections should be carefully conducted under the law, of course a substantial compliance is all that is required, but public officers cannot be too careful in these matters. The judgment of the court below is

Affirmed.