FLORENCE M. SUTTON v. FRANKLIN FIRE INSURANCE
COMPANY ET AL.

(Filed 8 April, 1936.)

1. **Insurance O d—Insurer suffering judgment held entitled to joinder of another insurer upon allegations entitling it to contribution.**

   Judgment was awarded against insurer on a policy of automobile accident insurance, and insurer asked that another insurer be joined, and that it have judgment against such other insurer for one-half plaintiff's judgment, alleging that such other insurer had also issued a policy of accident insurance on the same car. The other insurer demurred, contending that its policy was invalid. *Held:* The demurrer should have been overruled, the invalidity of the policy not being raised by demurrer.

2. **Pleadings D e—**

   A demurrer admits facts well pleaded.

3. **Appearance A a—**

   By demurring to the merits, a defendant puts itself in court.

APPEAL by defendant Franklin Fire Insurance Company from *Spears, J.,* at January Term, 1936, of CRAVEN.

Civil action to recover on policy of insurance covering Chrysler automobile.

Upon denial of liability and issues joined, the plaintiff was awarded judgment against the Franklin Fire Insurance Company upon the policy issued by it, which was paid; whereupon, said defendant asked that the St. Paul Fire and Marine Insurance Company, which had also issued a policy on said automobile, be brought in as a party defendant, and that the "Franklin" have and recover of "St. Paul" one-half of said judgment.

Demurrer interposed to said cross action upon the ground that the facts alleged are not sufficient to constitute a cause of action. Demurrer sustained; exception. Appeal.

*L. J. Eubanks for appellee.*
*Ward & Ward for appellant.*

STACY, C. J. The principal matter debated on brief, to wit, the alleged invalidity of defendant appellee's policy, *Johnson v. Ins. Co.,* 201 N. C., 362, 160 S. E., 454, is not presented by the record. It may be raised by answer.

The demurrer admits facts well pleaded, *Oliver v. Hood, Comr., ante,* 291; *Phifer v. Berry,* 202 N. C., 388, 163 S. E., 119, and it would seem that upon the facts alleged, nothing else appearing, the demurrer should have been overruled. *Ramsey v. Furniture Co., ante,* 165.

By demurring to the merits, the "St. Paul" put itself in court. *Motor Co. v. Reaves,* 184 N. C., 260, 114 S. E., 175.

Reversed.