STELLA K. BARBEE ET AL. v. BOARD OF COMMISSIONERS OF WAKE
COUNTY ET AL.

(Filed 25 November, 1936.)

1. **Injunctions A f: Elections I c—Injunction, and not quo warranto, is
   proper remedy to test validity of tax levied under authority of popular
   election.**

   Plaintiff taxpayers instituted this suit to restrain the levy of a school
   tax in a special tax district on the ground that the result of the election
   authorizing the levy was erroneous because the votes of disqualified per-
   sons were included in the returns and a majority of the qualified voters
   did not vote in favor of the tax. Defendants demurred on the grounds
   that the court was without jurisdiction of the action and that there was
   a defect of parties plaintiff, contending that the sole remedy to test the
   validity of the election is by *quo warranto*, C. S., 870, 871. *Held:* The
   demurrer was properly overruled, since, unless otherwise provided by
   statute, injunction at the instance of a taxpayer is an appropriate remedy
   to resist the levy of a tax upon a *prima facie* showing of illegality, and
   since *quo warranto* is the sole remedy to test the validity of an election to
   public office, but not to test the validity of a tax even though it is levied
   under the authority of a popular election. C. S., 858, 7979.

2. **Elections I a—Complaint held to sufficiently allege that result of elec-
   tion, as declared, was erroneous.**

   A complaint alleging upon information and belief that votes of dis-
   qualified persons were counted in the returns of an election, and that less
   than a majority of the qualified voters cast their ballots in favor of the
   tax being voted on, but later alleging without qualification that by reason
   of the matters alleged, a majority of the qualified voters did not vote in
   favor of the levying of the tax, and that the returns were incorrect, *is held*
   to sufficiently state a cause of action contesting the validity of the election
   irrespective of the allegations upon information and belief, and a demurrer
   thereto on the ground that the complaint failed to state a cause of action
   for that allegations upon information and belief are unavailing against a
   demurrer, is properly denied.

3. **Pleadings D e—**

   A demurrer admits facts well pleaded. As to whether facts alleged
   upon information and belief are availing against a demurrer, *quære.*

APPEAL by defendants from *Barnhill, J.,* at June·Special Term, 1936,
of WAKE.

Civil action to contest validity of special school tax election and to
restrain levy of alleged illegal or unauthorized tax.

The complaint, in substance, alleges:

1. That the plaintiffs are taxpayers in Raleigh Township, Wake
County, and bring this action on behalf of themselves and all others
similarly situated, who desire to be made parties plaintiff.

2. That a special election was duly called and held on 21 March, 1936, within the territorial jurisdiction of the "School Committee of Raleigh Township" upon the question as to whether "there shall be levied a special annual *ad valorem* tax upon property within said territorial jurisdiction, not to exceed a maximum of twenty-five cents (25c) on the $100 valuation."

3. That "plaintiffs are informed and believe, and upon such information and belief allege," at said election less than a majority of the qualified registered voters, eligible to vote in said election, cast their ballots in favor of said proposed levy, notwithstanding the returns from said election indicate upon their face that the proposal was carried by a majority of forty-eight votes.

4. That "plaintiffs are informed and believe and upon such information and belief allege," at said election "large numbers of persons, at least 200 or more, who were not qualified to register and vote in said election did actually  .   .   .   cast ballots in favor of the levying of the tax,  .   .   .   and that the votes of such persons, so disqualified,  .   .   . were included in the returns," etc.

5. That "by reason of the matters and things hereinbefore alleged, a majority of the qualified voters  .   .   .   did not vote in favor of the levying of said tax; that the returns  .   .   .   are incorrect; that the tabulation and the result of said election  .   .   .   are incorrect; and that in truth and in fact a majority of the qualified and registered voters  .   .   .   voted against the imposition and levy of said tax." (Par. 17.)

Wherefore, plaintiff prays that the election be declared invalid, void, and of no effect, and that the proposed tax levy be restrained.

Demurrer interposed upon the ground (1) that the court has no jurisdiction of the subject of the action, (2) that there is a defect of parties plaintiff, and (3) that the complaint does not state facts sufficient to constitute a cause of action.

From judgment overruling the demurrer the defendants appeal, assigning errors.

*Ruark & Ruark, Manning & Manning, Shepherd & Shepherd, Jones & Brassfield, and Douglass & Douglass for plaintiffs, appellees.*

*R. L. McMillan, J. M. Broughton, Charles U. Harris, and I. M. Bailey for defendants, appellants.*

Stacy, C. J. The demurrer to the jurisdiction is interposed upon the ground that the proper remedy for "contesting the validity of an election" is a proceeding by information in the nature of a *quo warranto,* brought by the Attorney-General of the State, C. S., 870, or by a private relator with leave of the Attorney-General, C. S., 871. *Cooper v. Crisco,*

201 N. C., 739, 161 S. E., 310. In support of this position, the defendants rely chiefly upon the decisions in *Saunders v. Gatling*, 81 N. C., 298, and *Britt v. Bd. Canvassers*, 172 N. C., 797, 90 S. E., 1005. The authorities cited are inapposite. The present action is not to try title to office, but to contest the validity of a special school tax election. *Forester v. N. Wilkesboro*, 206 N. C., 347, 174 S. E., 112; *Murphy v. Greensboro*, 190 N. C., 268, 129 S. E., 614. The form of the action, or the appropriateness of the proceeding, is sanctioned by a long line of decisions, of which the following may be cited as illustrative: *Hill v. Skinner*, 169 N. C., 405, 86 S. E., 351; *Clark v. Statesville*, 139 N. C., 490, 52 S. E., 52; *Jones v. Comrs.*, 107 N. C., 248, 12 S. E., 69; *Rigsbee v. Durham*, 99 N. C., 341, 6 S. E., 64; *Rigsbee v. Durham*, 98 N. C., 81, 3 S. E., 749; *McDowell v. Const. Co.*, 96 N. C., 514, 2 S. E., 351; *Smith v. Wilmington*, 98 N. C., 343, 4 S. E., 489; *Wood v. Oxford*, 97 N. C., 227, 2 S. E., 653; *Smallwood v. New Bern*, 90 N. C., 36; *Perry v. Whitaker*, 71 N. C., 475. "Where a taxpayer shows *prima facie* that an illegal tax is about to be levied by the county authorities, . . . courts of equity will restrain such abuse of power at his instance"—*Avery, J.*, in *Vaughn v. Comrs.*, 118 N. C., 636, 24 S. E., 425.

Title to office is properly triable by information in the nature of *quo warranto*, because the prerogatives of sovereignty are at stake, *Ames v. Kansas*, 111 U. S., 449, but not so in an action to test the validity of a tax sought to be levied, even with popular approval. *Eaton v. Graded School*, 184 N. C., 471, 114 S. E., 689; *Proctor v. Comrs.*, 182 N. C., 56, 108 S. E., 360; *Woodall v. Highway Com.*, 176 N. C., 377, 97 S. E.; 226.

Unless otherwise provided by statute, injunction at the instance of a taxpayer is regarded as an appropriate remedy to resist the levy of an invalid assessment, *McDowell v. Const. Co., supra*, or to restrain the collection of an illegal tax. *Reynolds v. Asheville*, 199 N. C., 212, 154 S. E., 85. The position finds support, not only in the decisions, but also in the statutes on the subject. C. S., 858; C. S., 7979; *Ragan v. Doughton*, 192 N. C., 500, 135 S. E., 328; *R. R. v. Comrs.*, 188 N. C., 265, 124 S. E., 560; *Sherrod v. Dawson*, 154 N. C., 525, 70 S. E., 739; *Lbr. Co. v. Smith*, 146 N. C., 199, 59 S. E., 653.

It follows, therefore, that the demurrer was properly overruled on the first and second grounds.

The third ground of the demurrer is, that allegations made only "on information and belief" are bad as against a demurrer. In support of this position, the defendants cite, among others, the decisions in *So. Ry. Co. v. Rollins*, 45 Ga. App., 270, 164 S. E., 216, and *Moore v. Standard Accident Ins. Co.*, 48 Ga. App., 508, 173 S. E., 481.

Without pausing to debate the sufficiency of the allegations made on information and belief, and to distinguish or point out the inapposite-

ness of the authorities cited, it is enough to say that the allegations of paragraph seventeen of the complaint are good as against a demurrer. *Calahan v. Roberts,* 208 N. C., 768, 182 S. E., 657; *Linker v. Linker,* 167 N. C., 651, 83 S. E., 736. In this view of the matter, the third ground of the demurrer becomes academic.

The demurrer admits facts well pleaded. *Bank v. Gahagan, ante,* 464; *Sutton v. Ins. Co.,* 209 N. C., 826, 184 S. E., 821; *Oliver v. Hood, Comr., ibid,* 291, 183 S. E., 657; *Distributing Corp. v. Maxwell, ibid.,* 47, 182 S. E., 724; *Phifer v. Berry,* 202 N. C., 388, 163 S. E., 119. It was properly overruled on all three grounds.

Affirmed.