STATE OF NORTH CAROLINA Ex Rel. D. B. SWARINGEN v.
LEET POPLIN.

(Filed 9 June, 1937.)

**Elections § 18a—Validity of election may be attacked in quo warranto proceedings.**

The procedure of *quo warranto* is available to test the validity of elections upon a proper showing, C. S., 870, and the contention that it is the duty of the county board of elections to determine the matter, and that the unsuccessful candidate is remitted solely to the statutory remedy, N. C. Code, 5923, 5927, 5933, is untenable, the jurisdiction of the Superior Courts never having been relinquished.

STACY, C. J., and CONNOR, J., concur in result.

APPEAL by defendant from *Alley, J.,* at March Term, 1937, of WILKES. Affirmed.

This is a *quo warranto* proceeding to try title to the office of county commissioner of Wilkes County, N. C.  C. S., 869.

The plaintiff obtained leave of the Attorney-General to bring these *quo warranto* proceedings to try title to the office of county commissioner of Wilkes County, N. C.  C. S., 870.

Among other things, it is alleged in the complaint: "That the plaintiff is a resident and citizen of the county of Wilkes and was such resident and citizen on, prior to, and since the general election held in Wilkes County on 3 November, 1936, and was a duly and legally nominated candidate on the Republican ticket for county commissioner of Wilkes County, and voted on in said election, and the defendant Leet Poplin is a resident and citizen of Wilkes County and was such citizen and resident on, before, and since said election, and was a duly nominated candidate for county commissioner of Wilkes County on the Democratic ticket, and voted on in said election. . . .  That said election board in Wilkes County knew at the time that it unlawfully, willfully, and fraudulently and with intent to deprive this plaintiff of his office by issuing said certificate, that plaintiff had received in Rock Creek Township 441 votes, and that either the election officials of said township, the election board, or someone under their control, had unlawfully, willfully, fraudu-

lently, and with intent to deprive this plaintiff of his office, changed
plaintiff's vote in said township from 441 to 341, and changed the vote
of B. C. Brock, candidate for State Senate in said township, in the same
manner, and a perusal of the report of said township shows beyond all
doubt that this was done, as the sum of 100 votes cast for other candi-
dates of the different political parties was not reflected in the vote for
this plaintiff and said B. C. Brock. That the said election board in
Wilkes County knew at the time that it unlawfully, willfully, fraudu-
lently, and with intent to deprive this plaintiff of his office by issuing
said certificate that the said election officials of Wilkes County had will-
fully, unlawfully, and fraudulently caused and permitted, as plaintiff
is informed and believes, more than 100 voters to register and vote
against this plaintiff, who were then upon the day of said election under
21 years of age, and knew that said votes were being illegally cast."

The defendant demurred to the complaint on the ground that "the
complaint does not state facts sufficient to constitute a cause of action."
C. S., 511 (6).

The court below rendered the following judgment: "After hearing the
argument of counsel and considering said demurrer and complaint, the
court is of opinion that this court has jurisdiction of the action, and that
said complaint states a cause of action against the defendant. It is
therefore ordered that said demurrer be and the same is hereby over-
ruled. Felix E. Alley, Judge presiding."

To the foregoing judgment the defendant excepted, assigned error, and
appealed to the Supreme Court.

*J. H. Wicker, Wm. M. Allen, and Chas. G. Gilreath for plaintiff.*
*W. H. McElwee, Trivette & Holshouser, and J. Milton Cooper for
defendant.*

CLARKSON, J. The question for decision is: Does the complaint state
facts sufficient to constitute a cause of action? We think so.

The defendant contends that under the law it is the duty of the county
board of elections to judicially determine the result of the election from
the report and tabulation made by the precinct officials. That the un-
successful candidate must pursue his statutory remedy, citing N. C.
Code, sections 5923, 5927, 5933, and especially C. S., 5923 (15), which
reads as follows: "It shall be the duty of the State Board of Elections:
(15) 'To have the general supervision over the primaries and elections
in the State, and it shall have the authority to make such reasonable
rules and regulations with respect to the conduct of primaries and elec-
tions as it may deem advisable: *Provided,* same shall not conflict with
any provisions of the law.' "

We think the decisions of this Court are contrary to the contentions of defendant. In *Harkrader v. Lawrence*, 190 N. C., 441 (442), speaking to the subject, we find: "One of the chief purposes of *quo warranto* or an information in the nature of *quo warranto* is to try the title to an office. This is the method prescribed for settling a controversy between rival claimants when one is in possession of the office under a claim of right and in the exercise of official functions or the performance of official duties; and the jurisdiction of the Superior Court in this behalf has never been abdicated in favor of the board of county canvassers or other officers of an election. *Rhodes v. Love*, 153 N. C., 469; *Johnston v. Board of Elections*, 172 N. C., 162, 167." *S. v. Carter*, 194 N. C., 293; *Bouldin v. Davis*, 197 N. C., 731; *Barbee v. Comrs. of Wake*, 210 N. C., 717.

In the present case fraud is alleged. The courts are open to decide this issue in the present action. In Art. I, sec. 10, of the Const. of North Carolina, we find it written: "All elections ought to be free." Our government is founded on the consent of the governed. A free ballot and a fair count must be held inviolable to preserve our democracy. In some countries the bullet settles disputes, in our country the ballot.

For the reasons given, the judgment of the court below is
Affirmed.

STACY, C. J., and CONNOR, J., concur in result.