W. F. COLLINS v. J. W. EMERSON, JR., SHERIFF OF CHATHAM COUNTY, AND ALL OTHER LAW ENFORCEMENT OFFICERS OF CHATHAM COUNTY.

(Filed 8 October, 1952.)

**Elections § 18a—**

> The result of an election held by a board having jurisdiction and legislative authority to act, is binding until set aside in a direct proceeding, and the validity of the election may not be collaterally attacked by suit to restrain its effects.

APPEAL by plaintiff from *Harris, J.,* at Chambers in Pittsboro, 12 May, 1952, from CHATHAM.

This is an action to restrain the Sheriff of Chatham County and all other law enforcement officers of said county from enforcing the law against the sale of beer on the ground that the election held in Chatham County, 8 March, 1952, at which time 3,150 qualified voters voted against the legal sale of beer and 1,633 qualified voters voted in favor of such sale, was illegal and void by reason of certain irregularities in calling and conducting the election.

The court below heard the evidence and found as a fact, among other things, that the election was duly and properly called and held by the proper officials in full compliance with the provisions of the law, and that two of the three members of the County Board of Elections met at the courthouse in Pittsboro on 11 March, 1952, and canvassed the votes cast in said special election and certified the result thereof to the Clerk of the Superior Court of Chatham County. The motion for a permanent injunction against the defendant and all other law enforcement officers of Chatham County, was denied. Plaintiff appeals, assigning error.

*Ottway Burton for plaintiff, appellant.*
*Bell & Horton, Barber & Thompson, Dixon & Dark, T. Fleet Baldwin, and J. Lee Moody for defendants, appellees.*

DENNY, J. There is no exception to the findings of fact. The appellant contends, however, that from the facts found the court should have held, as a matter of law, that the election was invalid and that the plaintiff was entitled to the relief sought. The contention is without merit.

It has been repeatedly held by this Court that when the Legislature has committed to a board the duty of submitting a proposition to the voters, in an area in which such board has jurisdiction, when such duty has been discharged and the result declared, such declaration is binding on everyone, so long as it stands unreversed by a proper judgment or decree in a direct proceeding brought for that purpose. In the meantime, the validity of the election may not be collaterally attacked. *Smallwood v. New Bern,* 90 N.C. 36; *McDowell v. Construction Co.,* 96 N.C. 514, 2 S.E. 351; *S. v. Emery,* 98 N.C. 768, 3 S.E. 810; *Rigsbee v. Durham,* 98 N.C. 81, 3 S.E. 749; *Bynum v. Commissioners,* 101 N.C. 412, 8 S.E. 136; *S. v. Cooper,* 101 N.C. 684, 8 S.E. 134; *Young v. Hendersonville,* 129 N.C. 422, 40 S.E. 89; *Gill v. Commissioners,* 160 N.C. 176, 76 S.E. 203, 43 L.R.A. (N.S.) 293; *Forester v. North Wilkesboro,* 206 N.C. 347, 174 S.E. 112; *Barbee v. Commissioners,* 210 N.C. 717, 188 S.E. 314.

The judgment of the court below is
Affirmed.